## IN THE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **DAVID A. BUXTON and** | * | |
| **ANNETTE BUXTON,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Case No. 2:M-CV-484-ID** |
| | * | **Removed from the Circuit Court** |
| **MARK WYATT, GEORGE VINSON,** | * | **of Lowndes County, Alabama,** |
| **STEVE PHILLIPS, MIKE EVANS,** | * | **Case No. CV-07-32** |
| **DEBORAH DOWNEY, WENDELL** | * | |
| **LANDIS, KEITH SHIRLEY,** | * | |
| **VICTOR SWIFT, SCOT ALER,** | * | |
| **DON MACON, and** | * | |
| **THYSSENKRUPP ELEVATOR** | * | |
| **CORP.** | * | |

RECEIVED

2007 JUN -1 P 3: 30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

## NOTICE OF REMOVAL

**Thyssenkrupp Elevator Corporation** files this Notice of Removal of Civil Action No. CV-07-32 from the Circuit Court of Lowndes County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, respectfully showing the Court as follows:

### Preliminary Statement

1.    The jurisdictional bases for this removal are 28 U.S.C. § 1332, 1441, and 1446 because there is diversity of citizenship between plaintiffs and all properly joined defendants and the amount in controversy exceeds $75,000.00,

exclusive of interest and costs. In addition, venue is proper in this court under 28 U.S.C. § 81(b)(3).

2.     On or about April 30, 2007, Plaintiffs David A. Buxton and Annette Buxton ("Plaintiffs") filed a Complaint in the Circuit Court of Lowndes County, Alabama, styled <u>David A. Buxton, et al., v. Mark Wyatt, et al.</u>, Civil Action No. 07-32. A true and correct copy of all process, pleadings, and other papers served on Defendants in that action is attached as Exhibit A.

3.     All Defendants were served by certified mail on May 2, 2007. <u>See</u> Exh. A.

4.     Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within thirty (30) days of service of the Summons and the Complaint.

5.     The time in which Defendants are required by state law or rules of court to answer or plead in response to the Complaint in state court has not expired.

6.     This action could have been filed in this Court pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiffs and the only properly joined Defendant, and the amount-in-controversy requirement is satisfied.

**Plaintiff's Complaint**

7.      According to the Complaint, on June 13, 2005, Plaintiff David A. Buxton was injured because of a malfunction of the "safety gate/safety edge" of a freight elevator at the GE plant in Burkville, Alabama, where Plaintiff worked. (Compl. ¶ 27.)

8.      Count 1 of the Complaint alleges that ten of Mr. Buxton's co-employees knew the elevator's safety device was subject to malfunctioning and that their failure to inspect, maintain, replace, or repair the safety device on the freight elevator constitutes willful and intentional conduct in violation of ALA. CODE § 25-5-11. Id. at ¶ 32.

9.      Counts 2 and 3 of the Complaint allege causes of action for negligence and wantonness against Thyssenkrupp in its repair or failure to repair or replace a safety device on the elevator. Id. at ¶¶ 35, 38.

10.     Count 4 contains a loss of consortium claim on behalf of Plaintiff Annette Buxton. Id. at ¶ 41.

11.     Plaintiff David Buxton alleges damages as follows:  injuries to his head, neck, knees, legs, and back; sickness and soreness to parts of his body; permanent injuries; permanent disability; past and future physical pain and mental anguish; past and future medical expenses; a reduced capacity to earn a living; a

reduced capacity to enjoy life; lost income; and a loss of future income.  Id. at ¶¶ 33, 36, 39.

12.    The Plaintiffs claim both compensatory and punitive damages as a result of the injuries allegedly sustained in the accident.

### The Parties

13.    Plaintiffs are now, and were at the time of the filing of the Complaint, citizens of the State of Alabama. (Compl. ¶¶ 1-2.)

14.    Plaintiffs' Complaint names eleven Defendants:  Thyssenkrupp plus ten co-employee Defendants, namely, Mark Wyatt, George Vinson, Steve Phillips, Mike Evans, Deborah Downey, Wendell Landis, Keith Shirley, Victor Swift, Scot Aler, and Don Macon.    In addition, the Complaint names three fictitious defendants.

15.    Defendant Thyssenkrupp is not an Alabama corporation. Thyssenkrupp is now, and was when this action was filed, a Delaware corporation with its principal place of business in Florida.

16.    The co-employee Defendants are alleged to be citizens of Alabama. As shown below, however, the co-employee Defendants have been fraudulently joined and, as such, their citizenship is properly disregarded for jurisdictional purposes.

17.    Additionally, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

18.    Accordingly, complete diversity of citizenship exists between Plaintiffs and ThyssenKrupp, the only properly joined Defendant.

### Diversity Jurisdiction—Citizenship and Fraudulent Joinder

19.    The Alabama citizenship of the co-employee Defendants is not a bar to removal. The co-employees have been fraudulently joined and, therefore, their citizenship must be disregarded.  See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

20.    A party has been fraudulently joined when there is no possibility that the plaintiff can establish a cause of action against that party or when the plaintiff has fraudulently pleaded jurisdictional facts. Cabalceta v. Standard Fruitt Co., 883 F.2d 1553, 1561 (11th Cir. 1989); see also Tapscott, 77 F.3d at 1360 n. 17 and Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).  Based on the allegations in the Complaint, there is no possibility that the Plaintiffs in this case can establish a cause of action against the co-employee Defendants.

21.    This lawsuit arises out of Plaintiff David Buxton's on-the-job injury involving a freight elevator at GE.  Mr. Buxton has filed a workers' compensation case against GE in the Circuit Court of Lowndes County, Alabama, seeking

benefits arising out of the same accident made the basis of this lawsuit. A copy of the workers' compensation complaint is attached as Exhibit B.

22.    Only four exceptions, which allow a plaintiff to sue a co-employee, exist to the exclusivity provision of Alabama's workers' compensation statute. An injured employee can proceed with a cause of action against a co-employee only if the personal injury or death to any employee results from willful conduct. ALA. CODE § 25-5-11(b). The statute goes on to define "willful conduct" in four situations:

(a)    A purpose or intent or design to injure another; and if a person, with knowledge of the danger or peril to another, consciously pursues a course of conduct with a design, intent, and purposes of inflicting injury....

(b)    The willful and intentional removal from a machine of a safety guard or safety device....

(c)    The intoxication of another employee of the employer if the conduct of that employee has wrongfully and proximately caused injury or death to the plaintiff or plaintiff's decedent....

(d)    Willful and intentional violation of a specific written safety rule of the employer after written notice to the violating employee by another employee who, within six months after the date of receipt of the written notice, suffers injury resulting in death or permanent total disability as a proximate result of the willful and intentional violation....

ALA. CODE §25-11-(c)(1-4).

23.    Plaintiffs attempt to state a cause of action against the co-employee Defendants for willful and intentional removal from a machine of a safety guard or

safety device.[1] The specific facts alleged in the Complaint to support this claim are as follows:

(a)    Co-employee Mark Wyatt directed ThyssenKrupp to perform repairs on the subject elevator. Id. at ¶ 19.

(b)    Mark Wyatt and one or more of the other co-employees directed ThyssenKrupp to perform repairs in a manner that resulted in the safety devices not being repaired or replaced properly. Id. at ¶ 21.

(c)    The co-employees allowed a known safety hazard to exist in that they knew the wiring or safety gate/safety edge of the elevator was defective. Id. at ¶ 22.

(d)    The co-employees are responsible for the safe operation, inspection, maintenance, or repair of the elevator. Id. at ¶ 23.

(e)    The co-employees did not conduct routine preventative maintenance or inspections of the elevator's safety devices. Id. at ¶ 24.

---

[1] Plaintiffs' Complaint does not identify the specific section of the statute under which they are bringing the co-employee claims. ThyssenKrupp does not concede that the Complaint states a valid cause of action regarding the removal of a safety device; however, it is clear that the Plaintiffs do not allege intoxication, willful or intentional violation of a specific written safety rule, or that any of the co-employees acted with a purpose or intent or design to injure or consciously pursued a course of conduct with the design, intent, or purpose to injure. Thus, the only remaining option is a claim for willful or intentional removal of a safety device.

(f)    The co-employees knew or should have known that the safety devices were susceptible to malfunctioning because of the harsh environment at the plant. Id. at ¶ 25.

(g)    The co-employees knew or should have known that routine preventative maintenance or inspections were required in order to prevent malfunctions in the elevator's safety devices. Id. at ¶ 26.

24.    The co-employee claims are included only to defeat diversity jurisdiction in this case.    First, Plaintiffs' shotgun approach of naming ten employees—all of whom are alleged to have intentionally and willfully failed to maintain a safety device—indicates that the Plaintiffs are looking for an Alabama resident to defeat diversity jurisdiction.    Second, as shown below, the named co-employees had no duties or responsibilities at all with respect to the elevators at GE.

25.    Adding local defendants to a case to defeat diversity jurisdiction, when the defendants had absolutely no involvement in the events giving rise to the lawsuit, "can only be characterized as a sham, at the unfair expense of not only [the target defendant] but of many individuals and small enterprises that are being unfairly dragged into court simply to prevent the adjudication of lawsuits against [the real target defendant] in a federal forum." Legg v. Wyeth, 428 F.3d 1317, 1321 (11th Cir. 2005) (discussing the "common strategy" of adding local sales

representatives used by the plaintiffs in the Wyeth diet drug litigation).    It is clear from reading the Complaint that Plaintiffs' real target is ThyssenKrupp, which Plaintiffs allege negligently and wantonly "performed elevator maintenance for GE on the elevators at the Burkville facility."  (Compl. ¶¶ 20, 35, and 38.)

26.    Like Plaintiff David Buxton, the co-employees named in this lawsuit were not employed by GE as elevator repairmen or service technicians. They have other jobs at GE—jobs that have no involvement with repairing, maintaining, or inspecting the plant's elevators.  It is not as though Plaintiff's injury involved a malfunction with a piece of machinery actually used to perform his job— something the co-employees may have had reason to examine or inspect o maintain.  The various co-employees work as finishing operation specialists, finishing operation day coordinators, engineers, interim finishing managers, a manager of the finishing plant, an environmental health safety engineer, a finishing plant EHS specialist, an EHS site manager, and a finishing plant building coordinator.  See Co-Employee Defendants' Affidavits, attached as Exhibit C.  In these positions, the co-employees have no reason or duty to install, inspect, repair, or maintain any safety device, safety guard, or safety equipment on an elevator at the facility.

27.    Furthermore, the attached sworn affidavits by the co-employees establish that none of the employees purposefully, intentionally, willfully, or

otherwise inflicted injury on David Buxton, and no employee willfully or intentionally removed a safety guard or safety device from any elevator at the facility. Id. In the days and weeks leading up to David Buxton's accident at work, none of the co-employees were aware of any problems with any safety devices on any elevators at the facility. Id. No employee had knowledge of any problems with or malfunctions of the safety gate or safety edge (or related wiring) of any elevator at the facility. Id. No employee had any idea that anyone was likely to be injured by the elevators at the facility. Id. No employee has any expertise in elevator installation, maintenance, or repair. Id. Finally, at no time has any employee attempted to maintain or repair an elevator at the facility or direct anyone else in the manner in which elevator maintenance or repair should be performed. Id.

28. Although the failure to maintain or repair a safety device, as opposed to removing a safety device, can be tantamount to the removal of a safety device (Moore v. Reeves, 589 So. 2d 173 (Ala. 1991)), the co-employees named in this suit had no knowledge or responsibility with respect to the elevators in the plant; thus, there is no possibility that the Plaintiffs can establish a cause of action against the co-employees. By way of comparison, a courthouse employee who has been injured in the courthouse elevator has no cause of action against the other courthouse employees whose jobs do not involve elevator repair, maintenance, or

inspection. Even if the another courthouse employee knew of a problem with the elevator, it would not be that employee's responsibility to undertake repairing the elevator, especially if another entity performs repairs on the elevators for the courthouse, as is alleged in the instant lawsuit (see Compl. ¶¶ 20, 30, 38).

29.    As a general matter, "Alabama law does not favor actions against co-employees, and [the Alabama Supreme Court] has consistently refused to allow recovery against co-employees outside the limited context of safety devices manufactured for machines." Cooper v. Nicoletta, 797 So. 2d 1072, 1078 (Ala. 2001). In furtherance of the "manifest intent of the Alabama Legislature that litigation among co-employees be restricted to those situations in which the plaintiff can show something more than what is usually sufficient to make out a case of negligence or wantonness," § 25-5-11 provides that plaintiff can only bring such an action when he can demonstrate that the co-employee defendant was guilty of "willful conduct". Grimes v. Stewart, 628 So. 2d 467, 468-69 (Ala. 1993).

30.    Plaintiffs claim that the co-employee Defendants are guilty of willful conduct under Ala. Code 1975 §25-5-11. The statute defines "willful conduct" as "[t]he willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from the removal." ALA. CODE 1975 §25-5-

11(c)(2).  To establish a prima facie case under § 25-5-11(c)(2), a plaintiff must

show:

> (1) the safety guard or device must have been provided by
> the manufacturer of the machine; (2) the safety guard or
> device must have been removed from the machine; (3) the
> removal of the safety guard or device must have occurred
> with knowledge that injury would probably or likely result
> from that removal; and (4) the removal of the safety guard
> or device must not have been part of a modification or an
> improvement that rendered the safety guard or device
> unnecessary or ineffective.

See Harris v. Gill, 585 So.2d 831, 835 (Ala. 1991).

31.    The Alabama Supreme Court has held that a willful and intentional

failure to install an available safety guard can under limited circumstances equate

to the willful and intentional removal of a safety guard under § 25-5-11(c)(2).  See

Bailey v. Hogg, 547 So. 2d 498, 500 (Ala. 1989).  Nevertheless, in addition to the

requirement that a safety guard was supplied by the manufacturer of the

equipment, the normal prerequisites for the establishment of willfulness must be

pled and proven in order to state such a claim.  Specifically, Plaintiffs must be able

to demonstrate that the co-employees were aware of the availability of the safety

device, responsible for its installation, and knew or should have known that serious

injury or death was "substantially certain" to occur as a result of the failure to

install such a device.  See Cooper, 797 So. 2d at 1077 ("A purpose, intent, or

design to injure another was not intended to be reasonably inferable from evidence

showing only knowledge and appreciation of risk of injury or death short of substantial certainty that injury or death would occur.").

32.    The crux of co-employee liability is "knowledge or awareness of the co-employee of the necessity for maintenance or repair of the safety device in question." King v. Cape, 907 So. 2d 1066, 1073 (Ala. Civ. App. 2005). Employees are not held liable merely by virtue of their positions of authority. Id. "To allow co-employee liability to be premised on §25-5-11(c)(2) when a co-employee had neither notice that the safety device was not working properly nor notice that the safety device required a specific type of maintenance to ensure that it would work properly more closely resembles a suit based on that co-employee's negligence rather than his or her willful and intentional conduct." Id. at 1074-75. Ignorance about repairs or maintenance required for the building elevators where an employee works may be irresponsible or negligent, but it is not a sufficient basis for co-employee liability. Id. at 1075.  Again, the named co-employees were not elevator repairmen or elevator experts, and their jobs did not involve inspection or maintenance or repair of the building's elevators.  See Co-Employee Affidavits attached as Exhibit C.    Thus, there is no knowledge or awareness by these employees concerning the necessity for maintenance or repair of the elevators on which to base co-employee liability, and Plaintiffs cannot possibly recover from these co-employees.

33.    To prevail on this issue of fraudulent joinder, Plaintiff must go beyond the Complaint and produce evidence that disputes the attached affidavits.    In the Legg case cited above, the defendant pharmaceutical sales representatives produced affidavits demonstrating that they had no involvement in the development or marketing of Wyeth's drugs and that they had no knowledge of the drug's alleged connection to valvular heart disease.  Id. at 1321-22.  The Eleventh Circuit held that the district court had erred in considering only the allegations in the complaint and by refusing to consider the affidavits of the sales representatives:

> The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts presented by the parties.  The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b).  In such a proceeding, the district court must resolve all questions of fact ... in favor of the plaintiff. But there must be some question of fact before the district court can resolve that fact in plaintiff's favor.

Id. at 1322-23 (internal citations omitted).

34.    As in the Legg case, none of the co-employees in this case were involved in the maintenance or repair of the facility's elevators, and Plaintiffs cannot possibly establish a cause of action against the co-employees for willful or intentional failure to maintain a safety device on one of the building elevators.  By including the co-employees in this lawsuit, Plaintiffs are forcing these individuals

into litigation so Plaintiffs can prevent ThyssenKrupp from removing this case to federal court. This tactic is unfair to ThyssenKrupp and the individual employees.

35. For the above reasons, it is clear that the co-employee Defendants have been fraudulently joined, and their citizenship must be disregarded for purposes of removal.

### Diversity Jurisdiction—Amount in Controversy

36. Diversity jurisdiction also exists in this case because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

37. When a plaintiff makes an unspecified claim for damages, the removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Tapscott, 77 F.3d at 1359.

38. Plaintiffs' Complaint seeks compensatory and punitive damages, and the Complaint contains no disclaimer that Plaintiffs seek $75,000.00 or less, exclusive of interests and costs.

39. The Complaint lists Plaintiff David A. Buxton's damages as injuries to his head, neck, knees, legs, and back; sickness and soreness to parts of his body; permanent injuries; permanent disability; past and future physical pain and mental anguish; past and future hospital, physician's, and medical expenses; a reduced

capacity to earn a living; a reduced capacity to enjoy life; lost income; and a loss of future income. (Compl. ¶¶ 33, 36, 39).

40.    Even though the Complaint seeks compensation for all of the injuries listed in Paragraph 36 above, the federal court's jurisdictional threshold is met by only two components of the Plaintiff's claimed damages: past medical expenses and lost wages. The Complaint expressly seeks compensation for lost income and past medical expenses, and the amount of these damages exceeds $75,000.00. Specifically, the attached affidavit of Damon Carter, the Human Resources Manager at GE, establishes that Plaintiff's past medical expenses and lost wages total $100,785.62. See Exhibit D. Thus, based only on Plaintiff's request to be compensated for past medical expenses and lost wages, without any consideration for future medical expenses, a future loss of income, or the other damages sought (including mental anguish[2] and punitive damages[3]), it is clear from the Complaint that the amount in controversy exceeds $75,000.00.

---

[2] A review of mental anguish awards in Alabama demonstrates that the value of Plaintiffs' mental anguish claim exceeds $75,000.00. See Wal-Mart Stores, Inc. v. Thompson, 726 So. 2d 651 (Ala. 1998) ($100,000 compensatory damages award, part of which included damages for mental anguish, against retailer whose merchandise fell off shelf and hit plaintiff); Shoney's, Inc. v. Pasley, 711 So. 2d 1026 (Ala. Civ. App. 1997) ($75,000 damages award included compensation for mental anguish suffered by plaintiff after restaurant served him bleach); Hatchcock v. Wood, 815 So. 2d 502 (Ala. 2001) (majority of $200,000 award to one plaintiff and $600,000 award to another plaintiff was compensation for mental anguish suffered after automobile accident); Liberty Nat'l Life Ins. Co. v. Daugherty, 840 So. 2d 152 (Ala. 2002) ($300,000 mental anguish award in slander case); Horton Homes Inc. v. Brooks, 832 So. 2d 44 (Ala. 2001) ($138,000 mental anguish award for defects in special-order home); Williams v. Williams, 786 So. 2d 477 (Ala. 2000) ($200,000 mental anguish award for loss of employment due to fraud); Southern Energy Homes, Inc. v. Washington, 774 So. 2d 505 (Ala. 2000)

41.    Thyssenkrupp acknowledges that <u>Lowery v. Alabama Power Co.</u>,

2007 WL 1062769 (11th Cir., Apr. 11, 2007), the Eleventh Circuit's recent case

addressing removals when there is an unspecified amount of damages in the

complaint, is controlling law.[4]   In <u>Lowery</u>, while discussing the difficulty of

applying the preponderance of evidence standard when there is no evidence before

the court to consider, the court stated that "...any attempt to engage in a

preponderance of the evidence assessment at this juncture would necessarily

amount to unabashed guesswork, and such speculation is frowned upon.")    <u>Id.</u> at

*17.    Nonetheless, the Court recognized that the Eleventh Circuit has adopted the

preponderance standard in the "naked pleading" context. <u>Id.</u>

---

($375,000 mental anguish award for damage to custom-built home); <u>Gray Brown-Service Mortuary, Inc. v. Lloyd</u>, 729 So. 2d 280 (Ala. 1999) ($2 million mental anguish award for mistreatment of spouse's corpse); <u>Life Ins. Co. of Georgia v. Johnson</u>, 701 So. 2d 524 (Ala. 1997) (over $245,000 of $250,000 compensatory damages award represented damages for mental anguish in case involving unnecessary sale of medical coverage to plaintiff); and <u>Duck Head Apparel Co., Inc. v. Hoots</u>, 659 So. 2d 897 (Ala 1995) ($3.5 million mental anguish award to three plaintiffs for fraud claims involving wrongfully failing to pay sales commissions).

[3] A review of punitive damages awards in Alabama establishes that the amount in controversy exceeds $75,000.00 even in cases where plaintiffs do <u>not</u> allege intentional behavior. See e.g., <u>Kmart Corp. v. West</u>, 779 So. 2d 1188 (Ala. 2000) (upholding $63,000 in compensatory and $250,000 in punitive for premises liability case); <u>Kmart Corp. v. Peak</u>, 757 So. 2d 1138 (Ala. 1999) (affirming awards of $100,000 in compensatory damages and $250,000 in punitive damages for premises liability case); <u>Smith v. Pettway</u>, Macon County Case No. CV-00-054 (February 6, 2003) (jury awarded $1,000,000 in compensatory damages in UIM case despite the Plaintiff's chiropractic bills of only $1,033); and <u>Curtis and Arlena Taylor v. Land Air Transport</u>, Macon County Case No. CV-01-224 (August 29, 2002) (jury awarded $500,000 to Plaintiffs in compensatory damages based on approximately $15,000 in medicals; no wantonness claim was presented to the jury).

[4] A petition for rehearing is currently pending in the <u>Lowery</u> case, and ThyssenKrupp does not concede that this case was properly decided by the Eleventh Circuit in its opinion of April 11, 2007.

42.   Unlike <u>Lowery</u>, however, in this case the Court does have evidence before the court to make an informed assessment of the amount in controversy. The attached affidavit of GE's Human Resources Manager establishes that the Plaintiff's past medical expenses and lost wages satisfy the amount-in-controversy requirement.   The instant case, in which the Court has evidence to consider, is similar to the cases distinguished by the <u>Lowery</u> court in discussing the difficulty of applying the preponderance standard:  <u>Tapscott</u>, 77 F.3d at 1357 n. 10 ("At oral argument, attorney for Appellants conceded that if considered in the aggregate, punitive damages would exceed [the jurisdictional amount]"); <u>Gafford v. General Elec. Co.</u>, 997 F.2d 150, 160-61 (6th Cir. 1993) (noting that the defendant's employee testified during a pretrial hearing on jurisdiction that the plaintiff's claims for back pay would satisfy the amount in controversy requirements); and <u>Garza v. Bettcher Indus. Inc.</u>, 752 F.Supp. 753 (E.D. Mich. 1990) (determining that additional evidence submitted by the defendant in support of its motion for reconsideration indicated that it was "more likely than not" that the amount in controversy was satisfied)).  <u>See</u> <u>Lowery</u> at *17.

43.   The <u>Lowery</u> court goes on to state that "the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents.  If the jurisdictional

amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." Id. at *18.

44.    In addressing the scope of evidence on which a removing defendant may rely to establish jurisdiction, the court stated:

> Thus, under §1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under §1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

Lowery at *19 (internal footnotes and citations omitted).

45.    In the instant case, neither the Court nor ThyssenKrupp must speculate or "look to the stars" to see that the amount in controversy exceeds $75,000.00.    The Complaint, signed by Plaintiffs' counsel and received by Defendants from the Plaintiffs, unambiguously seeks compensation for Plaintiff David Buxton's past medical expenses and lost wages.    Through the Complaint, which expressly seeks compensation for past medical expenses and lost wages, and

the attached affidavit of Damon Carter, which establishes that these amounts exceed $75,000.00, the Court can readily deduce from the documents before it that the amount in controversy requirement is satisfied.

WHEREFORE, Thyssenkrupp prays that the action bearing Civil Action No. CV-07-32 in the Circuit Court of Lowndes County, Alabama, be removed to and proceed in this Court and that no further proceedings be had in said case in the Circuit Court of Lowndes County, Alabama.

Charles A. Stewart III (STE067)
Angela R. Rogers (RAI017)
**Bradley Arant Rose & White LLP**
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

**Attorneys for the Thyssenkrupp Elevator Corporation**

## CERTIFICATE OF SERVICE

I certify that I have this date served the above and foregoing on:

James B. McNeil, Jr.
Hobbs & Hain, P.C.
P. O. Drawer 1190
Selma, AL 36702-1190

Deborah Downey
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Mark Wyatt
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Keith Shirley
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

George Vinson
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Victor Swift
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Steve Phillips
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Scot Aler
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Mike Evans
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Don Macon
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Wendell Landis
6713 Providence Court
Montgomery, AL 36116

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this 1st day of June, 2007.

OF COUNSEL

# Exhibit A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCIvP-93    Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>CV 2006 □□□ 32-□<br>Date of Filing:          Judge Code:<br>04 30 2006  HEM □<br>Month  Day  Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ LOWNDES _____, **ALABAMA**
*(Name of County)*

DAVID A. BUXTON, ET AL. _____ v. ___ MARK WYATT, ET AL. _____
Plaintiff                                                          Defendant

**First Plaintiff**  ☐ Business    ☑ Individual          **First Defendant**  ☐ Business    ☑ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

| | | |
|---|---|---|
| ☐ WDEA | - | Wrongful Death |
| ☑ TONG | - | Negligence: General |
| ☐ TOMV | - | Negligence: Motor Vehicle |
| ☐ TOWA | - | Wantonness |
| ☐ TOPL | - | Product Liability/AEMLD |
| ☐ TOMM | - | Malpractice-Medical |
| ☐ TOLM | - | Malpractice-Legal |
| ☐ TOOM | - | Malpractice-Other |
| ☐ TBFM | - | Fraud/Bad Faith/Misrepresentation |
| ☐ TOXX | - | Other: _____ |

**TORTS: PROPERTY INJURY**

| | | |
|---|---|---|
| ☐ TOPE | - | Personal Property |
| ☐ TORE | - | Real Property |

**OTHER CIVIL FILINGS**

| | | |
|---|---|---|
| ☐ ABAN | - | Abandoned Automobile |
| ☐ ACCT | - | Account & Nonmortgage |
| ☐ APAA | - | Administrative Agency Appeal |
| ☐ ADPA | - | Administrative Procedure Act |
| ☐ ANPS | - | Adults in Need of Protective Services |

**OTHER CIVIL FILINGS (cont'd)**

| | | |
|---|---|---|
| ☐ MSXX | - | Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve |
| ☐ CVRT | - | Civil Rights |
| ☐ COND | - | Condemnation/Eminent Domain/Right-of-Way |
| ☐ CTMP | - | Contempt of Court |
| ☐ CONT | - | Contract/Ejectment/Writ of Seizure |
| ☐ TOCN | - | Conversion |
| ☐ EQND | - | Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division |
| ☐ CVUD | - | Eviction Appeal/Unlawful Detainer |
| ☐ FORJ | - | Foreign Judgment |
| ☐ FORF | - | Fruits of Crime Forfeiture |
| ☐ MSHC | - | Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition |
| ☐ PFAB | - | Protection From Abuse |
| ☐ FELA | - | Railroad/Seaman (FELA) |
| ☐ RPRO | - | Real Property |
| ☐ WTEG | - | Will/Trust/Estate/Guardianship/Conservatorship |
| ☐ COMP | - | Workers' Compensation |
| ☐ CVXX | - | Miscellaneous Circuit Civil Case |

**ORIGIN** *(check one):*   F ☑ INITIAL FILING          A ☐ APPEAL FROM          C ☐ OTHER:
DISTRICT COURT

R ☐ REMANDED          T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES  ☐ NO       **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☐ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
MCN10015      April 30, 2007
Date                   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and,        )
ANNETTE BUXTON,           )
                             )
    Plaintiffs,           )
                             )
    v.                 )     Civil Action No. CV-07- 32
                             )
MARK WYATT, GEORGE VINSON,  )
STEVE PHILLIPS, MIKE EVANS,   )
DEBORAH DOWNEY, WENDELL   )
LANDIS, KEITH SHIRLEY, VICTOR )
SWIFT, SCOT ALER, DON MACON, )
and THYSSENKRUPP ELEVATOR  )
CORP., A, B, C, the person(s) who were )
co-employees of the Plaintiff and were )
responsible for the maintenance and/or )
repair of a defective safety device(s) on )
the occasion(s) made the basis of this suit; )
E, F, G, the firm, corporation or      )
Partnership doing business as      )
ThyssenKrupp Elevator, a Delaware  )
corporation, on the occasion(s) made  )
the basis of this suit; the correct names )
and identities of the fictitious named  )
defendants are otherwise unknown to the )
Plaintiff, but the correct names and   )
identities of said fictitious defendants  )
will be substituted by amendment    )
when ascertained,             )
                             )
    Defendants.          )

APR 2007

---

## SUMMONS

---

Notice To:    Mark Wyatt
               c/o G.E. Plastics
               1 Plastics Drive
               Burkville, Alabama 36752

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the _____ day of _____, 2007.

_____
Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and,  )
ANNETTE BUXTON,  )
  )
    Plaintiffs,  )
  )
    v.  )    Civil Action No. CV-07-_*32*_
  )
MARK WYATT, GEORGE VINSON,  )
STEVE PHILLIPS, MIKE EVANS,  )
DEBORAH DOWNEY, WENDELL  )
LANDIS, KEITH SHIRLEY, VICTOR  )
SWIFT, SCOT ALER, DON MACON,  )
and THYSSENKRUPP ELEVATOR  )
CORP., A, B, C, the  person(s) who were  )
co-employees of the Plaintiff and were  )
responsible for the maintenance and/or  )
repair of a defective safety device(s) on  )
the occasion(s) made the basis of this suit;  )
E, F, G, the firm, corporation or  )
Partnership doing business as  )
ThyssenKrupp Elevator, a Delaware  )
corporation, on the occasion(s) made  )
the basis of this suit; the correct names  )
and identities of the fictitious named  )
defendants are otherwise unknown to the  )
Plaintiff, but the correct names and  )
identities of said fictitious defendants  )
will be substituted by amendment  )
when ascertained,  )
  )
    Defendants.  )

---

## SUMMONS

---

Notice To:    George Vinson
               c/o G.E. Plastics
               1 Plastics Drive
               Burkville, Alabama 36752

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the 30th day of _____ Apr _____, 2007.

_Ruby Jones_

_____
Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and,　　　　　　）
ANNETTE BUXTON,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　Plaintiffs,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　v.　　　　　　　　　　　　　　）　Civil Action No. CV-07-_32____
　　　　　　　　　　　　　　　　　）
MARK WYATT, GEORGE VINSON,　　）
STEVE PHILLIPS, MIKE EVANS,　　　）
DEBORAH DOWNEY, WENDELL　　　）
LANDIS, KEITH SHIRLEY, VICTOR　）
SWIFT, SCOT ALER, DON MACON,　　）
and THYSSENKRUPP ELEVATOR　　）
CORP., A, B, C, the person(s) who were　）
co-employees of the Plaintiff and were　）
responsible for the maintenance and/or　）
repair of a defective safety device(s) on　）
the occasion(s) made the basis of this suit; ）
E, F, G, the firm, corporation or　　　　）
Partnership doing business as　　　　　）
ThyssenKrupp Elevator, a Delaware　　）
corporation, on the occasion(s) made　　）
the basis of this suit; the correct names　）
and identities of the fictitious named　　）
defendants are otherwise unknown to the ）
Plaintiff, but the correct names and　　）
identities of said fictitious defendants　　）
will be substituted by amendment　　　）
when ascertained,　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　Defendants.　　　　　　　　　　）

---

## SUMMONS

---

Notice To:　　Steve Phillips
　　　　　　c/o G.E. Plastics
　　　　　　1 Plastics Drive
　　　　　　Burkville, Alabama 36752

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the 30th day of _____April_____, 2007.

_____Ruby Jones_____
Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and,                    )
ANNETTE BUXTON,                          )
                                         )
    Plaintiffs,                         )
                                         )
    v.                                  )    Civil Action No. CV-07- 32
                                         )
MARK WYATT, GEORGE VINSON,               )
STEVE PHILLIPS, MIKE EVANS,              )
DEBORAH DOWNEY, WENDELL                  )
LANDIS, KEITH SHIRLEY, VICTOR            )
SWIFT, SCOT ALER, DON MACON,             )
and THYSSENKRUPP ELEVATOR                )
CORP., A, B, C, the person(s) who were   )
co-employees of the Plaintiff and were   )
responsible for the maintenance and/or   )
repair of a defective safety device(s) on )
the occasion(s) made the basis of this suit; )
E, F, G, the firm, corporation or        )
Partnership doing business as            )
ThyssenKrupp Elevator, a Delaware        )
corporation, on the occasion(s) made     )
the basis of this suit; the correct names )
and identities of the fictitious named   )
defendants are otherwise unknown to the )
Plaintiff, but the correct names and     )
identities of said fictitious defendants )
will be substituted by amendment         )
when ascertained,                        )
                                         )
    Defendants.                         )

---

## SUMMONS

---

Notice To:    Mike Evans
               c/o G.E. Plastics
               1 Plastics Drive
               Burkville, Alabama 36752

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the 30th day of _April_____, 2007.


Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and,                    )
ANNETTE BUXTON,                          )
                                         )
    Plaintiffs,                          )
                                         )
    v.                                   )    Civil Action No. CV-07-___32___
                                         )
MARK WYATT, GEORGE VINSON,               )
STEVE PHILLIPS, MIKE EVANS,              )
DEBORAH DOWNEY, WENDELL                  )
LANDIS, KEITH SHIRLEY, VICTOR            )
SWIFT, SCOT ALER, DON MACON,             )
and THYSSENKRUPP ELEVATOR                )
CORP., A, B, C, the person(s) who were   )
co-employees of the Plaintiff and were   )
responsible for the maintenance and/or   )
repair of a defective safety device(s) on )
the occasion(s) made the basis of this suit; )
E, F, G, the firm, corporation or        )
Partnership doing business as            )
ThyssenKrupp Elevator, a Delaware        )
corporation, on the occasion(s) made     )
the basis of this suit; the correct names )
and identities of the fictitious named   )
defendants are otherwise unknown to the )
Plaintiff, but the correct names and     )
identities of said fictitious defendants )
will be substituted by amendment         )
when ascertained,                        )
                                         )
    Defendants.                          )

---

## SUMMONS

---

Notice To:    Deborah Downey
              c/o G.E. Plastics
              1 Plastics Drive
              Burkville, Alabama 36752

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the 30th day of _____April_____, 2007.

_____
Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and,                          )
ANNETTE BUXTON,                                )
                                               )
    Plaintiffs,                                )
                                               )
                                               )
    v.                                         )     Civil Action No. CV-07-_32____
                                               )
MARK WYATT, GEORGE VINSON,                     )
STEVE PHILLIPS, MIKE EVANS,                    )
DEBORAH DOWNEY, WENDELL                        )
LANDIS, KEITH SHIRLEY, VICTOR                  )
SWIFT, SCOT ALER, DON MACON,                   )
and THYSSENKRUPP ELEVATOR                      )
CORP., A, B, C, the  person(s) who were        )
co-employees of the Plaintiff and were         )
responsible for the maintenance and/or         )
repair of a defective safety device(s) on      )
the occasion(s) made the basis of this suit;   )
E, F, G, the firm, corporation or              )
Partnership doing business as                  )
ThyssenKrupp Elevator, a Delaware              )
corporation, on the occasion(s) made           )
the basis of this suit; the correct names      )
and identities of the fictitious named         )
defendants are otherwise unknown to the        )
Plaintiff, but the correct names and           )
identities of said fictitious defendants       )
will be substituted by amendment               )
when ascertained,                              )
                                               )
    Defendants.                                )

---

### SUMMONS

---

Notice To:    Wendell Landis
             6713 Providence Court
             Montgomery, Alabama 36116


    This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the _3 0_ day of ___APRIL___, 2007.

_____
Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and,                    )
ANNETTE BUXTON,                          )
                                         )
    Plaintiffs,                          )
                                         )
    v.                                   )     Civil Action No. CV-07-___ 32 ___
                                         )
MARK WYATT, GEORGE VINSON,               )
STEVE PHILLIPS, MIKE EVANS,              )
DEBORAH DOWNEY, WENDELL                  )
LANDIS, KEITH SHIRLEY, VICTOR            )
SWIFT, SCOT ALER, DON MACON,             )
and THYSSENKRUPP ELEVATOR                )
CORP., A, B, C, the person(s) who were   )
co-employees of the Plaintiff and were   )
responsible for the maintenance and/or   )
repair of a defective safety device(s) on )
the occasion(s) made the basis of this suit; )
E, F, G, the firm, corporation or        )
Partnership doing business as            )
ThyssenKrupp Elevator, a Delaware        )
corporation, on the occasion(s) made     )
the basis of this suit; the correct names )
and identities of the fictitious named   )
defendants are otherwise unknown to the  )
Plaintiff, but the correct names and     )
identities of said fictitious defendants )
will be substituted by amendment         )
when ascertained,                        )
                                         )
    Defendants.                          )

---

## SUMMONS

---

Notice To:    Keith Shirley
               c/o G.E. Plastics
               1 Plastics Drive
               Burkville, Alabama 36752

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the 30th day of April, 2007.

_____
Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

| | |
|---|---|
| DAVID A. BUXTON, and,<br>ANNETTE BUXTON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    Civil Action No. CV-07-_32_<br>) |
| MARK WYATT, GEORGE VINSON,<br>STEVE PHILLIPS, MIKE EVANS,<br>DEBORAH DOWNEY, WENDELL<br>LANDIS, KEITH SHIRLEY, VICTOR<br>SWIFT, SCOT ALER, DON MACON,<br>and THYSSENKRUPP ELEVATOR<br>CORP., A, B, C, the person(s) who were<br>co-employees of the Plaintiff and were<br>responsible for the maintenance and/or<br>repair of a defective safety device(s) on<br>the occasion(s) made the basis of this suit;<br>E, F, G, the firm, corporation or<br>Partnership doing business as<br>ThyssenKrupp Elevator, a Delaware<br>corporation, on the occasion(s) made<br>the basis of this suit; the correct names<br>and identities of the fictitious named<br>defendants are otherwise unknown to the<br>Plaintiff, but the correct names and<br>identities of said fictitious defendants<br>will be substituted by amendment<br>when ascertained, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

---

## SUMMONS

---

Notice To:    Victor Swift
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the _30th_ day of _April_ , 2007.

_____

Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

| | |
|---|---|
| DAVID A. BUXTON, and,<br>ANNETTE BUXTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARK WYATT, GEORGE VINSON,<br>STEVE PHILLIPS, MIKE EVANS,<br>DEBORAH DOWNEY, WENDELL<br>LANDIS, KEITH SHIRLEY, VICTOR<br>SWIFT, SCOT ALER, DON MACON,<br>and THYSSENKRUPP ELEVATOR<br>CORP., A, B, C, the person(s) who were<br>co-employees of the Plaintiff and were<br>responsible for the maintenance and/or<br>repair of a defective safety device(s) on<br>the occasion(s) made the basis of this suit;<br>E, F, G, the firm, corporation or<br>Partnership doing business as<br>ThyssenKrupp Elevator, a Delaware<br>corporation, on the occasion(s) made<br>the basis of this suit; the correct names<br>and identities of the fictitious named<br>defendants are otherwise unknown to the<br>Plaintiff, but the correct names and<br>identities of said fictitious defendants<br>will be substituted by amendment<br>when ascertained,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. CV-07-_3.2_____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

### SUMMONS

---

Notice To:    Scot Aler
                c/o G.E. Plastics
                1 Plastics Drive
                Burkville, Alabama 36752

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the 30th day of _____April_____, 2007.

_____
Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and,                    )
ANNETTE BUXTON,                          )
                                         )
    Plaintiffs,                          )
                                         )
                                         )
    v.                                   )    Civil Action No. CV-07-_32_
                                         )
MARK WYATT, GEORGE VINSON,               )
STEVE PHILLIPS, MIKE EVANS,              )
DEBORAH DOWNEY, WENDELL                  )
LANDIS, KEITH SHIRLEY, VICTOR            )
SWIFT, SCOT ALER, DON MACON,             )
and THYSSENKRUPP ELEVATOR                )
CORP., A, B, C, the person(s) who were   )
co-employees of the Plaintiff and were   )
responsible for the maintenance and/or   )
repair of a defective safety device(s) on )
the occasion(s) made the basis of this suit; )
E, F, G, the firm, corporation or        )
Partnership doing business as            )
ThyssenKrupp Elevator, a Delaware        )
corporation, on the occasion(s) made     )
the basis of this suit; the correct names )
and identities of the fictitious named   )
defendants are otherwise unknown to the  )
Plaintiff, but the correct names and     )
identities of said fictitious defendants )
will be substituted by amendment         )
when ascertained,                        )
                                         )
    Defendants.                          )

---

## SUMMONS

---

Notice To:    Don Macon
              c/o G.E. Plastics
              1 Plastics Drive
              Burkville, Alabama 36752

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the 30th day of _____April_____, 2007.

_____

Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and,       )
ANNETTE BUXTON,         )
                          )
     Plaintiffs,           )
                          )
     v.                 )    Civil Action No. CV-07-_*32*_____
                          )
MARK WYATT, GEORGE VINSON, )
STEVE PHILLIPS, MIKE EVANS,  )
DEBORAH DOWNEY, WENDELL  )
LANDIS, KEITH SHIRLEY, VICTOR )
SWIFT, SCOT ALER, DON MACON, )
and THYSSENKRUPP ELEVATOR )
CORP., A, B, C, the person(s) who were )
co-employees of the Plaintiff and were )
responsible for the maintenance and/or )
repair of a defective safety device(s) on )
the occasion(s) made the basis of this suit; )
E, F, G, the firm, corporation or )
Partnership doing business as )
ThyssenKrupp Elevator, a Delaware )
corporation, on the occasion(s) made )
the basis of this suit; the correct names )
and identities of the fictitious named )
defendants are otherwise unknown to the )
Plaintiff, but the correct names and )
identities of said fictitious defendants )
will be substituted by amendment )
when ascertained,         )
                          )
     Defendants.         )

---

## SUMMONS

---

Notice To:    ThyssenKrupp Elevator Corp.
             c/o CSC Lawyers Incorporating Service, Inc.
             150 South Perry Street
             Montgomery, Alabama 36104

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to James B. McNeill, Jr., Hobbs & Hain, P.C., Post Office Box 1190, Selma, Alabama 36702-1190, Attorney for the Plaintiff. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED this the 30th day of _____April_____, 2007.

_____
Clerk of Court

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON, and, )
ANNETTE BUXTON, )
       )
    Plaintiffs, )
       )
    v. )    Civil Action No. CV-07-_*32*___
       )
MARK WYATT, GEORGE VINSON, )
STEVE PHILLIPS, MIKE EVANS, )
DEBORAH DOWNEY, WENDELL )
LANDIS, KEITH SHIRLEY, VICTOR )
SWIFT, SCOT ALER, DON MACON, )
and THYSSENKRUPP ELEVATOR )
CORP., A, B, C, the person(s) who were )
co-employees of the Plaintiff and were )
responsible for the maintenance and/or )
repair of a defective safety device(s) on )
the occasion(s) made the basis of this suit; )
E, F, G, the firm, corporation or )
Partnership doing business as )
ThyssenKrupp Elevator, a Delaware )
corporation, on the occasion(s) made )
the basis of this suit; the correct names )
and identities of the fictitious named )
defendants are otherwise unknown to the )
Plaintiff, but the correct names and )
identities of said fictitious defendants )
will be substituted by amendment )
when ascertained, )
       )
    Defendants. )



---

## COMPLAINT

---

COME NOW THE PLAINTIFFS, David A. Buxton and Annette Buxton ("Buxton" or

"Plaintiff"), and for their Complaint against Mark Wyatt, George Vinson, Steve Phillips, Mike

Evans, Deborah Downey, Wendell Landis, Keith Shirley, Victor Swift, Scot Aler, Don Macon, and ThyssenKrupp Elevator Corporation ("ThyssenKrupp") states as follows:

<u>PARTIES</u>

1.    Plaintiff, David Buxton, is over the age of nineteen years and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama, and was employed by General Electric Corp. ("GE") at its Burkville, Lowndes County, Alabama facility ("Burkville facility") as a chemical operator in the finishing plaint in the packaging area.

2.    Plaintiff, Annette Buxton, is over the age of nineteen years and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama.

3.    Defendant Mark Wyatt is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama and was employed by GE at its Burkville facility as a Finishing Operation Specialist in the finishing plant.

4.    Defendant George Vinson is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama, and was employed by GE at its Burkville facility as a Finishing Operation Specialist.

5.    Defendant Steve Phillips is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama, and was employed by GE at its Burkville facility as a Finishing Operation Day Coordinator.

6.    Defendant Mike Evans is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the

2

state of Alabama, and was employed by GE at its Burkville facility as an Engineer and Interim Finishing Manager.

7.     Defendant Deborah Downey is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama, and was employed by GE at its Burkville facility as a Manager of the Finishing Plant.

8.     Defendant Wendell Landis is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama, and was employed by GE at its Burkville facility as an Environmental Health Safety ("EHS") Engineer.

9.     Defendant Keith Shirley is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama, and was employed by GE at its Burkville facility as a Finishing Plant EHS Specialist.

10.     Defendant Victor Swift is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama, and was employed by GE at its Burkville facility as a Finishing Plant EHS Specialist.

11.     Defendant Scot Aler is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the state of Alabama, and was employed by GE at its Burkville facility as an EHS Site Manager.

12.     Don Macon is a co-employee of the Plaintiff, is over the age of nineteen years, and at all times pertinent to the matters alleged herein is a resident citizen of the state of

Alabama, and was employed by GE at its Burkville facility as the Finishing Plant Building Coordinator.

13.    ThyssenKrupp is a corporation qualified to do business in the state of Alabama and all times pertinent to the matters alleged herein had a principal place of business in Montgomery County, Alabama and conducts business in Lowndes County, Alabama.

14.    The fictitious Defendants, A, B, C, are intended to describe any person(s), who were co-employees of the Plaintiff and were responsible for the maintenance and/or repair of a defective safety device(s) on the occasion(s) made the basis of this suit, and E, F, and G, the firm, corporation or partnership doing business as ThyssenKrupp Elevator Corp, an Alabama Corporation, on the occasion made the basis of this suit and at all times material hereto was acting with the line and scope of their authority. Such fictitious Defendants' names are unknown to the Plaintiff at this time other than as stated; however, said names will be supplied by appropriate amendment as soon as ascertained by the Plaintiff.

15.    The Defendants identified in Paragraphs three (3) through twelve (12) are collectively referred to herein as "co-employee Defendants".

## FACTS

16.    Plaintiff has been employed by General Electric Corp. ("GE") for approximately seven (7) years since on or about, to-wit: May 4, 1998.

17.    On June 13, 2005, Plaintiff was employed by GE as a chemical operator in the finishing plant in the packaging area at GE's Burkville facility.

18.    Prior to June 13, 2005 there had been a malfunction of the safety devices on the west freight elevator in the Finishing Plant at GE's Burkville facility.

19.    Prior to June 13, 2005, Defendant, Mark Wyatt, directed ThyssenKrupp to perform repairs for GE's freight elevator in the Finishing Plant.

20.    ThyssenKrupp performed elevator maintenance for GE on the elevators at the Burkville facility, including, but not limited to, the west freight elevator in the Finishing Plant.

21.    Defendant, Mark Wyatt, and/or one or more of the other co-employee Defendants directed the Defendant ThyssenKrupp concerning repairs to the west freight elevator in the Finishing Plant so that the elevator's safety devices were not replaced and/or properly repaired.

22.    ThyssenKrupp failed to replace and/or repair the wiring and/or the "safety gate/safety edge" to the west freight elevator in the Finishing Plant when the same were known by ThyssenKrupp and the co-employee Defendants to be defective thereby allowing a known safety hazard to exist.

23.    The co-employee Defendants are responsible for the safe operation, inspection, maintenance, and/or repair of the freight elevator in the Finishing Plant.

24.    The co-employee Defendants did not conduct routine preventive maintenance and/or inspections of the Finishing Plant's freight elevator's safety devices.

25.    The co-employee Defendants knew or should have known that the safety devices on the freight elevator in the Finishing Plant were susceptible to malfunctioning because of the harsh environment in the Finishing Plant.

26.    The co-employee Defendants knew or should have know that in order to prevent malfunctions of the Finishing Plant's freight elevator's safety devices that routine preventative maintenance and/or inspections were necessary.

27.    On or about June 13, 2005, while acting within the line and scope of his employment, David A. Buxton was injured because of a malfunction of the "safety gate/safety edge" of the freight elevator in the Finishing Plant at the Burkville facility.

28.    The proximate cause of the malfunction of the "safety gate/safety edge" on the freight elevator was because the same was not wired or the wiring was loose thereby preventing the "safety gate/safety edge" from functioning and/or because the guide brackets for the "safety gate/safety edge" were damaged thereby causing the "safety gate/safety edge" to be inoperable.

29.    The co-employee Defendants' failure to inspect, maintain and/or repair the safety devices on the freight elevator in the Finishing Plant was a proximate cause of the malfunction averred in paragraphs twenty-one, twenty-three and twenty-eight and such failure was in violation of Ala. Code §25-5-11, 1975, as amended.

30.    ThyssenKrupp's failure to replace and/or repair the safety devices on the freight elevator was also a proximate cause of the malfunction averred in paragraphs twenty-one thru twenty-eight.

### COUNT ONE

31.    The Plaintiff adopts and realleges paragraphs 1 – 29 of this Complaint as if the same were set forth herein in their entirety.

32.    The co-employee Defendants knew that because of the harsh environment the freight elevator's safety device(s) were subject to malfunctioning and their failure to inspect, maintain, replace and/or repair the safety device(s) on the freight elevator in the Finishing Plant constituted willful and intentional conduct.

33.    As a proximate consequence of the co-employee Defendants' willful and intentional conduct, the Plaintiff, David A. Buxton, was caused to suffer the following injuries and damages:

(a)    The Plaintiff was knocked, shocked, bruised and contused and suffered injury to his head, neck, knees, legs and back;

(b)    The Plaintiff was made sick and sore in various and separate parts of his body;

(c)    The Plaintiff was permanently injured and permanently disabled, and he has in the past and will in the future experience physical pain and mental anguish, and he was caused to incur hospital, physician's and medical expenses in the past and will in the future be caused to incur hospital, physician's and medical expenses;

(d)    The capacity of the Plaintiff to work and earn a living has been severely reduced;

(e)    The capacity of the Plaintiff to enjoy life and participate in many social and physical activities which he previously engaged has been reduced; and,

(f)    The Plaintiff has lost income and will lose income in the future due to the injuries he received as a result of the said willful and intentional conduct of the co-employee Defendants.

WHEREFORE, the Plaintiff, David A. Buxton, demands judgment against the Defendants for compensatory damages in a sum in excess of the jurisdictional limits of this

Court as shall reasonably compensate the Plaintiff for his injuries and damages, plus interest and costs.

## COUNT TWO

34.     The Plaintiff adopts and realleges paragraphs 1 – 30 of this Complaint as if the same were set forth herein in their entirety.

35. The Defendant ThyssenKrupp was negligent in its repair and/or failure to repair or replace safety device(s) on the freight elevator in the Finishing Plant.

36. As a proximate consequence of ThyssenKrupp's negligence, the Plaintiff, David A. Buxton, was caused to suffer the following injuries and damages:

    a. The Plaintiff was knocked, shocked, bruised and contused and suffered injury to his head, neck, knees, legs and back;

    b. The Plaintiff was made sick and sore in various and separate parts of his body;

    c. The Plaintiff was permanently injured and permanently disabled, and he has in the past and will in the future experience physical pain and mental anguish, and he was caused to incur hospital, physician's and medical expenses in the past and will in the future be caused to incur hospital, physician's and medical expenses;

    d. The capacity of the Plaintiff to work and earn a living has been severely reduced;

    e. The capacity of the Plaintiff to enjoy life and participate in many social and physical activities which he previously engaged has been reduced; and,

    f. The Plaintiff has lost income and will lose income in the future due to the injuries he received as a result of the said negligence of the Defendants.

8

WHEREFORE, the Plaintiff, David A. Buxton, demands judgment against the Defendant for compensatory damages in the sum in excess of the jurisdictional limits of this Court as shall reasonably compensate the Plaintiff for his injuries and damages, plus interest and costs.

## COUNT THREE

37. The Plaintiff adopts and realleges paragraphs 1 – 30 of this Complaint as if the same were set forth in their entirety.

38. The Defendant ThyssenKrupp's actions in its repair and/or failure to repair or replace safety device(s) on the west freight elevator in the Finishing Plant constituted willful and wanton conduct.

39. As a proximate consequence of ThyssenKrupp, the Plaintiff, David A. Buxton, was caused to suffer the following injuries and damages:

    a.  The Plaintiff was knocked, shocked, bruised and contused and suffered injury to his head, neck, knees, legs and back;

    b.  The Plaintiff was made sick and sore in various and separate parts of his body;

    c.  The Plaintiff was permanently injured and permanently disabled, and he has in the past and will in the future experience physical pain and mental anguish, and he was caused to incur hospital, physician's and medical expenses in the past and will in the future be caused to incur hospital, physician's and medical expenses;

    d.  The capacity of the Plaintiff to work and earn a living has been severely reduced;

    e.  The capacity of the Plaintiff to enjoy life and participate in many social and physical activities which he previously engaged has been reduced; and,

f. The Plaintiff has lost income and will lose income in the future due to the injuries he received as a result of the said negligence of the Defendants.

WHEREFORE, the Plaintiff, David A. Buxton, demands judgment against the Defendants for compensatory damages in the sum in excess of the jurisdictional limits of this Court as shall reasonably compensate the Plaintiff for his injuries and damages, plus interest and costs.

## COUNT FOUR

40. The Plaintiff adopts and realleges paragraphs 1 – 30 of this Complaint as if the same were set forth herein in their entirety.

41. Because of the injuries sustained by the Plaintiff, as alleged herein, he was rendered physically unable to fulfill the functions of consortium with his wife and unable to comfort her in a normal physical manner and unable to perform family and household duties and as a proximate consequence thereof, the Plaintiff, Annette Buxton, has been deprived of the society, services, consortium and comfort of her said husband and has had to perform certain family and household duties of the Plaintiff, David A. Buxton.

WHEREFORE, the Plaintiff, Annette Buxton, demands judgment against the Defendants for compensatory damages in a sum in excess of the jurisdictional limits of this Court as shall reasonably compensate the said Plaintiff for her injuries and damages, including punitive damages for the wanton conduct of the Defendants, interest, and costs.

James B. McNeill, Jr. MCN005
Attorney for the Plaintiff

10

OF COUNSEL:
HOBBS & HAIN, P.C.
707 Selma Avenue
P.O. Drawer 1190
Selma, Alabama 36702
(334) 874-6683

## JURY DEMAND

Plaintiffs demand trial by jury of all issues in this action.

James B. McNeill, Jr. MCN005
Attorney for the Plaintiff

## REQUEST FOR SERVICE BY CERTIFIED MAIL

The Plaintiff in accordance with the provisions of Rule 4.2 (b) (1) Ala.R.Civ.P., request service of the summons and complaint by certified mail, return receipt requested.

Mark Wyatt
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

George Vinson
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

Steve Phillips
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

Mike Evans
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

Deborah Downey
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

11

Wendell Landis
6713 Providence Court
Montgomery, Alabama 36116

Keith Shirley
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

Victor Swift
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

Scot Aler
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

Don Macon
c/o G.E. Plastics
1 Plastics Drive
Burkville, Alabama 36752

ThyssenKrupp Elevator Corp.
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

James B. McNeill, Jr. MCN005
Attorney for the Plaintiff

12

## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

| | |
|---|---|
| DAVID A. BUXTON, and,<br>ANNETTE BUXTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARK WYATT, GEORGE VINSON,<br>STEVE PHILLIPS, MIKE EVANS,<br>DEBORAH DOWNEY, WENDELL<br>LANDIS, KEITH SHIRLEY, VICTOR<br>SWIFT, SCOT ALER, DON MACON,<br>and THYSSENKRUPP ELEVATOR<br>CORP., A, B, C, the person(s) who were<br>co-employees of the Plaintiff and were<br>responsible for the maintenance and/or<br>repair of a defective safety device(s) on<br>the occasion(s) made the basis of this suit;<br>E, F, G, the firm, corporation or<br>Partnership doing business as<br>ThyssenKrupp Elevator, a Delaware<br>corporation, on the occasion(s) made<br>the basis of this suit; the correct names<br>and identities of the fictitious named<br>defendants are otherwise unknown to the<br>Plaintiff, but the correct names and<br>identities of said fictitious defendants<br>will be substituted by amendment<br>when ascertained,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>  Civil Action No. CV-07-_*32*_____ |

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO THE DEFENDANTS

COME NOW the Plaintiffs, David A. Buxton and Annette Buxton, by and through

their attorneys, Hobbs & Hain, P.C., and pursuant to Rule 34 of the Alabama Rules of

Civil Procedure propound the following Requests for Production to the Defendants.

The following Requests for Production shall be deemed to be continuing to the full extent provided by Rule 26(c) of the Alabama Rules of Civil Procedure and any additional information relating in any way to these Requests for Production which Defendants acquire subsequent to the date of answer to the Requests for Production, up to and including the time of trial, shall be furnished to counsel for the Plaintiffs promptly after such information is acquired.

## DEFINITIONS

A.     Wherever the words "you", "yours", or "Defendants" appears, it shall mean Mark Wyatt, George Vinson, Steve Phillips, Mike Evans, Deborah Downey, Wendell Landis, Keith Shirley, Victor Swift, Scot Aler, Don Macon and ThyssenKrupp Elevator Corp.

B.     "Identify" when used herein with respect to an expert witness, witness, or person, requires Defendants to furnish a reasonable description of such person including name and any nickname, present address, telephone number, present employer, present business address, present occupational title and position, past or present affiliation with Defendants, or the Plaintiffs, and each job or position held by that person during the period pertinent to this action.  When used herein with respect to documents or other tangible evidence "identify" requires Defendants to furnish a reasonable description of any such material, state the present location, custodian, date and author of the material, the subject or substance, the person to whom the material is addressed, and all recipients of the documents or other evidence.  It is not sufficient to identify a document by simply referring to it by category or as one that has been produced.  When used in respect to an

occasion, event, meeting or conversation, "identify" or "identification" mans to state the date, place, duration, and person or persons present, attending or participating in the occasion, event, meeting or conversation. "Identify" when used herein with respect to a fact means to state the fact.

C.      "Person" refers to and includes any individual, corporation, or any other collective organization or entity.

D.      "Expert" herein refers to any person who is now employed by Defendants or was employed by Defendants for the purpose of this litigation or for preparation of this litigation for trial.

E.      The term "referring" or "relating to" means in whole or in part constituting, containing, embodying, reflecting, identifying, stating or dealing with or anyway pertaining to.

F.      The term "conversation" means any oral communication (whether made face to face, by telephone, in a meeting or otherwise) made from or between one person and one or more other persons.

G.      The term "describe" means to state with particularity the nature of the event, transaction, communication, occurrence, fact or other item being referred to; the identity of any person, communication, occurrence or other item; the nature of the person's involvement; and the days on which such event, transaction, communication, occurrence or other item took place.

H.      The term "describe" or "description" when used in reference to a document means to state the title or other means of identification of such document, its date, general

3

description of its length and subject matter and the name, address and telephone number of the person or persons who have possession, custody or control of the original or any copies of such documents.

    I.    The terms "and" and "or" have both conjunctive and disjunctive meanings and "any" and "all" as used herein means each and every.

    J.    The term "GE" means GE Plastics Corp. located in Burkville, Lowndes County, Alabama.

## REQUEST FOR PRODUCTION OF DOCUMENTS

    1.    The complete personnel file of the Plaintiff, and all other communications, emails, memos, forms or documents pertaining to the Plaintiff, including, but not limited to, any secondary file maintained by supervisors or other employees of GE, including but not limited to, the application for employment, drug tests, medical records, payroll records, training received, positions held, qualifications for positions held, job performance, write-ups, workmen compensation first report of injury, accident investigation reports, injury investigation reports, etc.

    2.    All maintenance/repair records for the freight elevator in the Finishing Plant at GE's Burkville facility from the year 2000 to the present.

    3.    All inspection records for the freight elevator in the Finishing Plant at GE's Burkville facility from the year 2000 to the present.

    4.    All installation records for the freight elevator in the Finishing Plant at GE's Burkville facility.

    5.    All maintenance/repair records for all elevators, freight and passenger, at GE's Burkville facility from the year 2000 to the present.

6.    All inspection records for all elevators, freight and passenger, at GE's Burkville facility from the year 2000 to the present.

7.    All installation records for all elevators, freight and passenger, at GE's Burkville facility.

8.    All investigation reports for the incident made the basis of this action.

9.    All correspondence, including but not limited to emails, memos, forms and letters, related to the incident made the basis of this Complaint.

10.    All documents, including, but not limited to, emails, memos, forms, letters and safety manuals, related to preventive maintenance of freight elevators and inspection of freight elevators.

11.    All safety manuals and/or written safety instructions for the freight elevator located in the Finishing Plant at GE's Burkville facility.

12.    All operation manuals for the freight elevator located in the Finishing Plant at GE's Burkville facility.

13.    All OSHA investigative reports related to the incident made the basis of this Complaint.

14.    All documents that relate, refer to, or reflect in any way communication(s) between you and any person(s), other than your attorneys, concerning the subject matter of this lawsuit or allegations contained therein.

15.    Please produce any and/or all written statements or affidavits relating to the allegations set forth in the Complaint.

16.    All statements taken or obtained by you or your attorneys from any person concerning the claims in this lawsuit or any of the facts relating to such claims.

5

17.    All notes, calendars, and diaries made, kept, or maintained by you related to the incident made the basis of this Complaint.

18.    All recordings, whether by audiotape, videotape, or electronic means, of any agent or employee of GE, or relating in any way to the incident made the basis of this Complaint.

19.    Any documentation, including notes, memoranda, dictation, and/or correspondence, in whatever media maintained, in your possession or control, which relates to, or references, in any manner the Plaintiff in this lawsuit.

20.    Please produce any and/or all copies of all employee rules, personnel policies, employee relations guidelines, employee handbooks, personnel manuals, safety manuals, and any other documents which refer or in any manner relate to G.E.'s employment polices or practices.

21.    The complete personnel files, including but not limited to, any secondary or departmental files, the application for employment, payroll records, training received, positions held, qualifications for positions held, job performance evaluations, write-ups, etc. of: Mark Wyatt, George Vinson, Steve Phillips, Mike Evans, Deborah Downey, Wendell Landis, Keith Shirley, Victor Swift, Scot Aler, and Don Macon.

James B. McNeill, Jr.  MCN005
Attorney for the Plaintiffs

OF COUNSEL:
Hobbs & Hain, P.C.
P. O. Box 1190
Selma, Alabama 36702-1190
(334) 874-6683

**REQUEST FOR PRODUCTION OF DOCUMENTS ARE TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

4. Restricted Delivery Service Pee

(Extra Fee) ☐ Yes    **CERTIFIED**

2. Article Number

7111 0790 7060 1000 0244

CIRCUIT COURT

___TION ON DE___

e: (☐ Addressee or ☐ Agent)

N Brown

B. Received By: (Please Print Clearly)

D Brown

C. Date of Delivery

5/2/07

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City            State        ZIP + 4 Code

7111 0790 7060 1000 0244

1. Article Addressed To:

THYSSENKRUPP ELEVATOR CORP
C/O CSC LAWYERS INCORPORATING
SERVICE, INC.
150 SOUTH PERRY STREET
MONTGOMERY AL 36104

CV 07-32
SVC

RUBY HONESY, CLERK
LOWNDES COUNTY CIRCUIT COURT
P.O. BOX
HAYNEVILLE AL 36040-0876

(Extra Fee)  ☐ Yes   CERTIFIED

2. Article Number
7111 0790 7060 1000 0237

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐ Addressee or ☐ Agent)
X Connie Ivy

B. Received By: (Please Print Clearly)
Connie Ivy

C. Date of Delivery
5/02/07

D. Addressee's Address (If Different From Address Used by Sender)

...ondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City          State          ZIP + 4 Code

7111 0790 7060 1000 0237

1. Article Addressed To:

MR. DON MACON
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

CV07-32 Se.C

RUBY JONES, CLERK
LOWNDES COUNTY CIRCUIT COURT
P.O. BOX 876
HAYNEVILLE AL 36040-0876

(Extra Fee) ☐ Yes    CERTIFIED

2. Article Number
7111 0790 7060 1000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐ Addressee or ☐ Agent)

X Connie Fry

B. Received By: (Please Print Clearly)

Connie Fry

C. Date of Delivery

5/02/07

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City                    State         ZIP + 4 Code

7111 0790 7060 1000 0220

1. Article Addressed To:

MR. SCOT ALER
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

CV 07-32
S.C.

LOWNDES COUNTY CIRCUIT COURT
P.O. BOX 876
HAYNEVILLE AL 36040-0876

3. Restricted Delivery? | 4. Service Type

(Extra Fee) ☑ Yes | **CERTIFIED**

2. Article Number

7111 0790 7060 1000 0213

**COMPLETE THIS SECTION ON DELIVERY**

Signature: (☐ Addressee or ☐ Agent)

*Connie Ivy*

B. Received By: (Please Print Clearly)

Connie Ivy

C. Date of Delivery

5/02/07

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City | State | ZIP + 4 Code

7111 0790 7060 1000 0213

1. Article Addressed To:

MR. VICTOR SWIFT
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

*CV 07-32*
*S.C.*

LOWNDES COUNTY CIRCUIT COURT
P.O. BOX 876
HAYNEVILLE AL 36040-0876

(Extra Fee) ☐ Yes

**CERTIFIED**

2. Article Number

7111 0790 7060 1000 0206

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐ Addressee or ☐ Agent)

X Connie Ivy

B. Received By: (Please Print Clearly)

Connie Ivy

C. Date of Delivery

5/02/07

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City                State        ZIP + 4 Code

7111 0790 7060 1000 0206

1. Article Addressed To:

MR. KEITH SHIRLEY
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

CV07-32 C

RUBY JONES, CLERK
LOWNDES COUNTY CIRCUIT COURT
P.O. BOX
HAYNEVILLE AL 36040-0876

**3. Service Type**

(Extra Fee) ☐ Yes   **CERTIFIED**

**2. Article Number**

7111 0790 7060 1000 0190

## COMPLETE THIS SECTION ON DELIVERY

Signature: (☐ Addressee or ☐ Agent)

X  Connie Ivey

B. Received By: (Please Print Clearly)

Connie Ivy

C. Date of Delivery

5/02/07

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City                    State          ZIP + 4 Code

7111 0790 7060 1000 0190

**1. Article Addressed To:**

MR. WENDELL LANDIS
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

CW 07-32
Se C

LOWNDES COUNTY CIRCUIT COURT
P.O. BOX 876
HAYNEVILLE AL 36040-0876

Restricted Delivery? (Extra Fee) ☐ Yes    3. Service Type    CERTIFIED

2. Article Number
7111 0790 7060 1000 0183

COMPLETE THIS SECTION ON DELIVERY

Signature: (☐ Addressee or ☐ Agent)
Connie Ivy

B. Received By: (Please Print Clearly)
Connie Ivy

C. Date of Delivery
5/02/07

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City                State          ZIP + 4 Code

7111 0790 7060 1000 0183

1. Article Addressed To:

MS. DEBORAH DOWNEY
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

CV07-32
SE.E

TODD Y. JONES, CLERK
LOWNDES COUNTY CIRCUIT COURT
P.O. BOX 876
HAYNEVILLE AL 36040-0876

(Extra Fee) ☐ Yes    CERTIFIED

2. Article Number
7111 0790 7060 1000 0176

**COMPLETE THIS SECTION ON DELIVERY**

Signature: (☐ Addressee or ☐ Agent)

A. Connie Ivy

B. Received By: (Please Print Clearly)
Connie Ivy

C. Date of Delivery
5/02/07

7111 0790 7060 1000 0176

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City          State          ZIP + 4 Code

1. Article Addressed To:

MR. MIKE EVANS
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

CV 07-32
St. C

LOWNDES COUNTY CIRCUIT COURT
P.O. BOX
HAYNEVILLE AL 36040-0876

| 1. Restricted Delivery? | 3. Service Type |
|---|---|
| (Extra Fee) ☐ Yes | CERTIFIED |

**2. Article Number**

7111 0790 7060 1000 0169

**COMPLETE THIS SECTION ON DELIVERY**

Signature: (☐ Addressee or ☐ Agent)

*Connie Ivy*

B. Received By: (Please Print Clearly)

*Connie Ivy*

C. Date of Delivery

5/02/07

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City _____ State _____ ZIP + 4 Code

7111 0790 7060 1000 0169

1. Article Addressed To:

MR. STEVE PHILLIPS
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

*CV 07-32*
*SV. C*

LOWNDES COUNTY CIRCUIT COURT
P.O. BOX
HAYNEVILLE AL 36040-0876

4. Restricted Delivery? 3. Service Type
(Extra Fee) ☑ Yes   CERTIFIED

2. Article Number

7111 0790 7060 1000 0152

**COMPLETE THIS SECTION ON DELIVERY**

Signature: (□ Addressee or □ Agent)

Connie Ivy

B. Received By: (Please Print Clearly)

Connie Ivy

Date of Delivery

5/02/07

Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City          State          ZIP + 4 Code

7111 0790 7060 1000 0152

1. Article Addressed To:

MR. GEORGE VINSON
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

CV07-32
SEC

LOWNDES COUNTY CIRCUIT COURT
P.O. BOX 876
HAYNEVILLE AL 36040-0876

Restricted Delivery? 5. Service Type
(Extra Fee) ☐ Yes    CERTIFIED

2. Article Number
7111 0790 7060 1000 0145

**COMPLETE THIS SECTION ON DELIVERY**

Signature: (☐ Addressee or ☐ Agent)
*Connie Ivy*

B. Received By: (Please Print Clearly)
*Connie Ivy*

C. Date of Delivery
5/02/07

Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City _____ State _____ ZIP + 4 Code

7111 0790 7060 1000 0145

1. Article Addressed To:

MR. MARK WYATT
C/O G.E. PLASTICS
1 PLASTICS DRIVE
BURKVILLE AL 36752

*CV07-32C*
*SE.C*

# Exhibit B

# IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

DAVID A. BUXTON,                          )
                                          )
    Plaintiff,                        )
                                          )
v.                                        )     Case No:  CV-07-_35_____
                                          )
G.E. PLASTICS CORP.,                      )
                                          )
                                          )
    Defendant.                        )

## COMPLAINT FOR WORKER'S COMPENSATION BENEFITS

Comes now the Plaintiff in the above-styled cause, and makes the following Complaint for worker's compensation benefits:

1. The Plaintiff, David A. Buxton, is of legal age and is a resident and citizen of Dallas County, Alabama.

2. The Defendant is a business doing business in Lowndes County, Alabama, on the 13th day of June, 2005 and the 7th day of February, 2006.

3. On or about the 13th day of June, 2005, the Plaintiff was employed by the Defendant at its Burkville facility in the Finishing Department and was engaged as a chemical operator under the general superintendency of Don Macon.

4. On or about the 13th day of June, 2005, and while working within the line and scope of his employment, the Plaintiff received injuries arising out of and in the course of his employment.

5. The Plaintiff was injured on June 13, 2005 because of a malfunction of the "safety gate/safety edge" of the freight elevator in the Finishing Plant at the Burkville Facility.

6.  At the time of the said accident, the Plaintiff had average weekly earnings of $1,000.00.

7.  The Defendant had timely and actual notice of said accident within the time specified by the Workmen's Compensation Act of the State of Alabama.

8.  As a proximate result of said accident, the Plaintiff suffered injuries to his head, neck, knees, legs and back.

9.  Subsequent to said injury, Plaintiff was caused to require surgery on his left knee and experienced a temporary total disability and a permanent partial disability of his person.

10. The Plaintiff was injured on February 7, 2006 while descending stairs during a fire drill in the Finishing Plant at the Burkville facility.

11. At the time of said accident, the Plaintiff had average weekly earnings of $1,000.00.

12. The Defendant had timely and actual notice of said February 7, 2006 accident within the time specified by the Workmen's Compensation Act of the State of Alabama.

13. As a proximate result of said February 7, 2006 accident, the Plaintiff suffered an injury to his right knee.

14. Subsequent to said February 7, 2006 injury, Plaintiff has required medical treatment for his right knee and has experienced a disability of his person.

15. Defendant has paid disability benefits and necessary and reasonable medical expenses as incurred by the Plaintiff except that Defendant has not paid for necessary and reasonable medical expenses related to the injury to the Plaintiff's right knee.

16. The Plaintiff and Defendant are subject to the Workmen's Compensation law of the State of Alabama.

WHEREFORE, the Plaintiff demands judgment against the Defendant for the compensation and medical expenses to which the Plaintiff is entitled under the Workmen's Compensation law of the State of Alabama.

_David A. Buxton_

STATE OF ALABAMA

COUNTY OF DALLAS

I, the undersigned authority, in and for said County and State, do hereby certify that David A. Buxton, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being duly informed of the contents of this instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal on this the _10th_ day of _May_, 2007.

_Elizabeth R Champion_
Notary Public
State of Alabama at Large
My Commission Expires: _5/4/11_

(SEAL)

James B. McNeill, Jr.
Attorney for the Plaintiff

OF COUNSEL:
Hobbs & Hain, P.C.
Attorneys at Law
P.O. Drawer 1190
Selma, Alabama 36702-1190
(334) 874-6683

3

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Plaintiff requests, pursuant to Rule 4.1(c) of the Ala.R.Civ.P., that the Defendant be served by certified mail. The Defendant may be served in this manner at the following address.

G.E. Plastics Corporation
1 Plastics Drive
Burkville, Alabama 36752

James B. McNeill, Jr. MCN005
Attorney for the Plaintiff

4

# Exhibit C

### Affidavit of Mark Wyatt

STATE OF ALABAMA                               )
                                               )
COUNTY OF LOWNDES                              )

Personally appeared before me, the undersigned authority in and for said state and county, Mark Wyatt, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

1.  My name is Mark Wyatt. I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

2.  I am a Finishing Operation Specialist at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility")..

3.  I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

4.  I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

5.  I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

6.  In the days and weeks leading up to David Buxton's accident on or about June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility. More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility.  I certainly had no idea that anyone was likely to be injured by the elevators at the facility.

7.    I have no expertise in elevator installation, maintenance or repair, and at no time have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else in the manner in which elevator maintenance or repair should be performed.

_____
Mark Wyatt

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___31st___ day of _May_____, 2007.

_____
Notary Public

MY COMMISSION EXPIRES:

_August 25, 2010_

**Affidavit of George Vinson**

STATE OF ALABAMA                    )
                                   )
COUNTY OF LOWNDES                   )

      Personally appeared before me, the undersigned authority in and for said state and county, George Vinson, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

1.    My name is George Vinson.  I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

2.    I am a Finishing Operation Specialist at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility")..

3.    I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

4.    I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

5.    I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

6.    In the days and weeks leading up to David Buxton's accident on or about  June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility.  More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility. I certainly had no idea that anyone was likely to be injured by the elevators at the facility.

7.     I have no expertise in elevator installation, maintenance or repair, and at no time have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else in the manner in which elevator maintenance or repair should be performed.

_George W. Vinson_
George Vinson

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___31st___ day of ___May___, 2007.

_Notary Public_
Notary Public

MY COMMISSION EXPIRES:

August 25, 2010

## Affidavit of Steve Phillips

STATE OF ALABAMA )

)

COUNTY OF LOWNDES )

      Personally appeared before me, the undersigned authority in and for said state and county, Steve Phillips, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

    1.     My name is Steve Phillips.  I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

    2.     I am a Finishing Operation Day Coordinator at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility")..

    3.     I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

    4.     I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

    5.     I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

    6.     In the days and weeks leading up to David Buxton's accident on or about  June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility.  More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility. I certainly had no

idea that anyone was likely to be injured by the elevators at the facility.

7.    I have no expertise in elevator installation, maintenance or repair, and at no time

have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else

in the manner in which elevator maintenance or repair should be performed.

_____
Steve Phillips


SWORN TO AND SUBSCRIBED BEFORE ME, this the 31st day of

May      , 2007.

_____
Notary Public


MY COMMISSION EXPIRES:

August 25, 2010

**Affidavit of Mike Evans**

STATE OF ALABAMA                    )
                                                           )
COUNTY OF LOWNDES             )

       Personally appeared before me, the undersigned authority in and for said state and county, Mike Evans, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

    1.     My name is Mike Evans. I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

    2.     I am an engineer at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility")..

    3.     I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

    4.     I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

    5.     I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

    6.     In the days and weeks leading up to David Buxton's accident on or about June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility. More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility.  I certainly had no idea that anyone was likely to be injured by the elevators at the facility.

7.    I have no expertise in elevator installation, maintenance or repair, and at no time have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else in the manner in which elevator maintenance or repair should be performed.

_____
Mike Evans


SWORN TO AND SUBSCRIBED BEFORE ME, this the ___31st___ day of ___May___, 2007.

_____
Notary Public

MY COMMISSION EXPIRES:

August 25, 2010

**Affidavit of Deborah Downey**

STATE OF ALABAMA                    )
                                    )
COUNTY OF LOWNDES                   )

      Personally appeared before me, the undersigned authority in and for said state and county, Deborah Downey, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

1.     My name is Deborah Downey.  I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

2.     At all times relevant to this accident, I was the Finishing Plant Manager at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility")..

3.     I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

4.     I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

5.     I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

6.     In the days and weeks leading up to David Buxton's accident on or about  June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility.  More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility. I certainly had no

idea that anyone was likely to be injured by the elevators at the facility.

7.     I have no expertise in elevator installation, maintenance or repair, and at no time

have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else

in the manner in which elevator maintenance or repair should be performed.

_Deborah Downey_
Deborah Downey

_May_ SWORN TO AND SUBSCRIBED BEFORE ME, this the __31st__ day of

_____, 2007.

_John A. Jay_
Notary Public

MY COMMISSION EXPIRES:

__11/20/08__

**Affidavit of Wendell Landis**

STATE OF VIRGINIA             )
                                     )
COUNTY OF PRINCE GEORGE   )

        Personally appeared before me, the undersigned authority in and for said state and county, Wendell Landis, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

1.     My name is Wendell Landis. I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

2.     At all times relevant to this accident, I was an Environmental Health and Safety Engineer at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility").

3.     I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

4.     I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

5.     I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

6.     In the days and weeks leading up to David Buxton's accident on or about June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility. More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility. I certainly had no

idea that anyone was likely to be injured by the elevators at the facility.

7.    I have no expertise in elevator installation, maintenance or repair, and at no time

have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else

in the manner in which elevator maintenance or repair should be performed.

_Wendell Landis_
Wendell Landis


SWORN TO AND SUBSCRIBED BEFORE ME, this the _31st_ day of
_MAY_, 2007.

_Martha R Mora_
Notary Public


MY COMMISSION EXPIRES:

_11-30-10_

**Affidavit of Keith Shirley**

STATE OF ALABAMA                          )
                                          )
COUNTY OF LOWNDES                         )

       Personally appeared before me, the undersigned authority in and for said state and county, Keith Shirley, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

    1.     My name is Keith Shirley.  I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

    2.     I am a Chemical Operations Environmental Health and Safety Specialist at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility")..

    3.     I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

    4.     I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

    5.     I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

    6.     In the days and weeks leading up to David Buxton's accident on or about  June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility.  More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility. I certainly had no idea that anyone was likely to be injured by the elevators at the facility.

7. I have no expertise in elevator installation, maintenance or repair, and at no time have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else in the manner in which elevator maintenance or repair should be performed. In the past, I have merely demonstrated the operation of a properly functioning mechanical brake on an elevator during rescue training.

_____
Keith Shirley

SWORN TO AND SUBSCRIBED BEFORE ME, this the _____ day of _____, 2007.

_____
Notary Public

MY COMMISSION EXPIRES:

_____

**Affidavit of Victor Swift**

STATE OF ALABAMA                    )
                                   )
COUNTY OF LOWNDES                   )

      Personally appeared before me, the undersigned authority in and for said state and county, Victor Swift, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

1.     My name is Victor Swift. I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

2.     I am a Finishing Plant Environmental and Health Safety Specialist at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility")..

3.     I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

4.     I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

5.     I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

6.     In the days and weeks leading up to David Buxton's accident on or about June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility. More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility. I certainly had no

idea that anyone was likely to be injured by the elevators at the facility.

7.    I have no expertise in elevator installation, maintenance or repair, and at no time

have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else

in the manner in which elevator maintenance or repair should be performed.

_____
Victor Swift

SWORN TO AND SUBSCRIBED BEFORE ME, this the __31st__ day of

__May__, 2007.

_____
Notary Public

MY COMMISSION EXPIRES:

August 25, 2010

**Affidavit of Scot Aler**

STATE OF ALABAMA                )
)
COUNTY OF JEFFERSON          )

        Personally appeared before me, the undersigned authority in and for said state and county, Scott Aler, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

    1.     My name is Scott Aler. I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

    2.     At all times relevant to this accident, I was an Environmental Health and Safety Manager at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility").

    3.     I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

    4.     I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

    5.     I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

    6.     In the days and weeks leading up to David Buxton's accident on or about June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility. More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility.  I certainly had no

idea that anyone was likely to be injured by the elevators at the facility.

     7.     I have no expertise in elevator installation, maintenance or repair, and at no time

have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else

in the manner in which elevator maintenance or repair should be performed.

_Scot Aler_
Scot Aler


SWORN TO AND SUBSCRIBED BEFORE ME, this the 29 th day of
_May_____, 2007.

_Donna J. Neilson_
Notary Public

MY COMMISSION EXPIRES:

_Nov. 4, 2007_____

## Affidavit of Don Macon

STATE OF ALABAMA                    )
                                   )
COUNTY OF LOWNDES                   )

       Personally appeared before me, the undersigned authority in and for said state and county, Don Macon, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

    1.     My name is Don Macon. I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

    2.     I am a Finishing Plant Building Coordinator at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility")..

    3.     I have had no duty at any time to install, inspect, repair or maintain any safety device, safety guard or safety equipment on any elevator at the facility.

    4.     I have never, purposefully, intentionally, willfully or otherwise, inflicted injury upon David Buxton.

    5.     I have never willfully or intentionally removed a safety guard or safety device from any elevator at the facility.

    6.     In the days and weeks leading up to David Buxton's accident on or about June 13, 2005, I was not aware of any problems with any safety devices on any elevators at the facility. More specifically, I had no knowledge of any problems with or malfunctions of the

safety gate or safety edge (or related wiring) of any elevator at the facility. I certainly had no idea that anyone was likely to be injured by the elevators at the facility.

7.     I have no expertise in elevator installation, maintenance or repair, and at no time have I attempted to maintain or repair an elevator at the facility, nor have I directed anyone else in the manner in which elevator maintenance or repair should be performed.

_____
Don Macon

SWORN TO AND SUBSCRIBED BEFORE ME, this the ___31st___ day of May _____, 2007.

_____
Notary Public

MY COMMISSION EXPIRES:

August 25, 2010

# Exhibit D

## **Affidavit of Damon Carter**

STATE OF ALABAMA )
)
COUNTY OF LOWNDES )

Personally appeared before me, the undersigned authority in and for said state and county, Damon Carter, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

1.     My name is Damon Carter.  I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

2.     I am the Human Resources Manager at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility").

3.     Based on my position as Human Resources Manager, I am familiar with the worker' compensation benefits paid to or on behalf of David Buxton relating to the accident that he was involved in on June 13, 2005 and made the basis of the lawsuit which Mr. Buxton has filed against his co-workers.

4.     To date, $100,785.62 has been paid to or on behalf of Mr. Buxton for medical expenses and lost wages arising out of the June 13, 2005 accident involving the freight elevator at the finishing plant at the facility.

Further affiant sayeth not.

Damon Carter

SWORN TO AND SUBSCRIBED BEFORE ME, this the _31st_ day of _May_, 2007.

_____
Notary Public

MY COMMISSION EXPIRES:

August 25, 2010