IN THE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JUN -1  P 3: 31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| DAVID A. BUXTON and<br>ANNETTE BUXTON,<br><br>Plaintiffs,<br><br>v.<br><br>MARK WYATT, GEORGE VINSON,<br>STEVE PHILLIPS, MIKE EVANS,<br>DEBORAH DOWNEY, WENDELL<br>LANDIS, KEITH SHIRLEY,<br>VICTOR SWIFT, SCOT ALER,<br>DON MACON, and<br>THYSSENKRUPP ELEVATOR<br>CORP. | * * * * * * * * * * * * * * * * | Case No. 2:07-CV-484-ID<br>Removed from the Circuit Court<br>of Lowndes County, Alabama,<br>Case No. CV-07-32 |

## ANSWER

**ThyssenKrupp Elevator Corporation** ("ThyssenKrupp"), one of the Defendants in this case, answers the Plaintiffs' Complaint as follows:

### First Defense

1.  ThyssenKrupp is without sufficient information to admit or deny the material allegations in Paragraph 1 of Plaintiffs' Complaint; therefore, ThyssenKrupp denies and demands strict proof of those allegations.

2.  ThyssenKrupp is without sufficient information to admit or deny the material allegations in Paragraph 2 of Plaintiffs' Complaint; therefore, ThyssenKrupp denies and demands strict proof of those allegations.

1/1584971.1

3. ThyssenKrupp admits the allegations in Paragraph 3.

4. ThyssenKrupp admits the allegations in Paragraph 4.

5. ThyssenKrupp admits the allegations in Paragraph 5.

6. ThyssenKrupp admits the allegations in Paragraph 6.

7. ThyssenKrupp admits the allegations in Paragraph 7.

8. ThyssenKrupp denies the material allegations in Paragraph 8 and demands strict proof of those allegations.

9. ThyssenKrupp admits the allegations in Paragraph 9.

10. ThyssenKrupp admits the allegations in Paragraph 10.

11. ThyssenKrupp admits the allegations in Paragraph 11.

12. ThyssenKrupp admits the allegations in Paragraph 12

13. ThyssenKrupp admits that it is qualified to do business in Alabama. ThyssenKruppp denies the remaining allegations of Paragraph 13 and demands strict proof thereof.

14. ThyssenKrupp denies the material allegations in Paragraph 14 and demands strict proof thereof.

15. Paragraph 15 does not require a response by ThyssenKrupp; however, to the extent one is deemed require, ThyssenKrupp denies the material allegations in Paragraph 15 and demands strict proof thereof.

16. ThyssenKrupp is without sufficient information to admit or deny the material allegations in Paragraph 16 of Plaintiffs' Complaint; therefore, ThyssenKrupp denies and demands strict proof of those allegations.

17. ThyssenKrupp is without sufficient information to admit or deny the material allegations in Paragraph 17 of Plaintiffs' Complaint; therefore, ThyssenKrupp denies and demands strict proof of those allegations.

18. ThyssenKrupp denies the material allegations in Paragraph 18 and demands strict proof thereof.

19. ThyssenKrupp denies the material allegations in Paragraph 19 and demands strict proof thereof.

20. As phrased, ThyssenKrupp denies the material allegations in Paragraph 20 and demands strict proof thereof.

21. ThyssenKrupp denies the material allegations in Paragraph 21 and demands strict proof thereof.

22. ThyssenKrupp denies the material allegations in Paragraph 22 and demands strict proof thereof.

23. ThyssenKrupp denies the material allegations in Paragraph 23 and demands strict proof thereof.

24. ThyssenKrupp denies the material allegations in Paragraph 24 and demands strict proof thereof.

25. ThyssenKrupp denies the material allegations in Paragraph 25 and demands strict proof thereof.

26. ThyssenKrupp denies the material allegations in Paragraph 26 and demands strict proof thereof.

27. ThyssenKrupp denies the material allegations in Paragraph 27 and demands strict proof thereof.

28. ThyssenKrupp denies the material allegations in Paragraph 28 and demands strict proof thereof.

29. ThyssenKrupp denies the material allegations in Paragraph 29 and demands strict proof thereof.

30. ThyssenKrupp denies the material allegations in Paragraph 30 and demands strict proof thereof.

31. Paragraph 31 does not require a response by ThyssenKrupp; however, to the extent one is deemed required, ThyssenKrupp adopts the responses set forth in Paragraphs 1-30 above.

32. ThyssenKrupp denies the material allegations in Paragraph 32 and demands strict proof thereof.

33. ThyssenKrupp denies the material allegations in Paragraph 33 and demands strict proof thereof.

34. Paragraph 34 does not require a response by ThyssenKrupp; however, to the extent one is deemed required, ThyssenKrupp adopts the responses set forth in Paragraphs 1-30 above.

35. ThyssenKrupp denies the material allegations in Paragraph 35 and demands strict proof thereof.

36. ThyssenKrupp denies the material allegations in Paragraph 36 and demands strict proof thereof.

37. Paragraph 37 does not require a response by ThyssenKrupp; however, to the extent one is deemed required, ThyssenKrupp adopts the responses set forth in Paragraphs 1-30 above.

38. ThyssenKrupp denies the material allegations in Paragraph 38 and demands strict proof thereof.

39. ThyssenKrupp denies the material allegations in Paragraph 39 and demands strict proof thereof.

40. Paragraph 40 does not require a response by ThyssenKrupp; however, to the extent one is deemed required, ThyssenKrupp adopts the responses set forth in Paragraphs 1-30 above.

41. ThyssenKrupp denies the material allegations in Paragraph 41 and demands strict proof thereof.

42. The unnumbered, "WHEREFORE" paragraphs in Plaintiffs' Complaint do not require a response by ThyssenKrupp; however, to the extent that a response is deemed require, ThyssenKrupp denies the material allegations in those paragraphs and demands strict proof thereof.

### Second Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Third Defense

This Defendant avers the affirmative defense of contributory negligence.

### Fourth Defense

This Defendant avers the affirmative defense of assumption of the risk.

### Fifth Defense

This Defendant pleads the general issue.

### Sixth Defense

This Defendant contests the injuries and damages alleged in the Complaint demands strict proof of any alleged injury or damage.

### Seventh Defense

This Defendant states that it is not indebted or liable to Plaintiff in any manner or amount whatsoever.

## Eighth Defense

This Defendant states that the sole proximate cause of the injuries and damages alleged in the Complaint may have been the actions, non-actions, or negligence of a person or persons other than this Defendant for whose actions, non-actions, or negligence this Defendant is in no way liable. Plaintiffs are, therefore, not entitled to recover from this Defendant in this action.

## Ninth Defense

This Defendant states that the injuries and damages alleged in the Complaint may have been caused by an intervening, superseding action for which this Defendant is in no way liable. Plaintiffs are, therefore, not entitled to recover from this Defendant in this action.

## Tenth Defense

This Defendant pleads the defense of the exclusivity provision of the Alabama Workers' Compensation Statute.

## Eleventh Defense

This Defendant avers the defense of open and obvious condition.

## Twelfth Defense

This Defendant pleads the defense of intervening or superseding causation.

### Thirteenth Defense

This Defendant denies that it was guilty of negligent or wantonness on the occasion complained of in the Complaint.

### Fourteenth Defense

This Defendant states that it is not guilty of the things and matters alleged in the Complaint.

### Fifteenth Defense

With respect to punitive damages, ThyssenKrupp asserts:

(a) ThyssenKrupp denies it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against ThyssenKrupp.

(b) Plaintiff cannot recover punitive damages against ThyssenKrupp because such an award, which is penal in nature, would violate ThyssenKrupp's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless ThyssenKrupp is afforded the same procedural safeguards as are criminal defendants, including, but not limited, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

(c) Subjecting ThyssenKrupp to punitive damages, or affirming an award of punitive damages against ThyssenKrupp in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of the Article I, Section 13, of the Alabama Constitution, as separation of property without due process of law, or standards or criteria of due process of law, based

upon the following grounds and circumstances, separately and severally assigned:

(i)   Any award of punitive damages against ThyssenKrupp under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond reasonable doubt;

(ii)  There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(iii) Any punitive damages award would not be subject to post-trial or appellate view on the basis of suitable and sufficient objective standards and criteria;

(iv)  The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(v)   Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and ThyssenKrupp's alleged wrongful or culpable conduct;

(vi)  Under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(vii) Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or the amount of compensatory damages;

(viii) In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict the single amount could be enforced against a defendant for any portion of that judgment regardless of defendants culpability or relative culpability;

(ix) Should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(x) Where joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of the respective defendants;

(xi) An award of punitive damages should not be permitted to be assessed against defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of the defendants;

(xii) An award of punitive damages should not be permitted to be assessed against ThyssenKrupp vicariously as a principle without any further proof of independent, wrongful conduct, or ratification by ThyssenKrupp;

(xiii) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

  (xiv) Under Alabama law and procedures governing the award in assessment of punitive damages there is no objective, logical, or reasonable standard or criteria which governs the award or the amount of the award of punitive damages;

  (xv) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against ThyssenKrupp;

  (xvi) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

  (xvii) The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review on an award of punitive damages;

  (xviii) The procedures pursuant to which punitive damages are awarded may permit admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

  (xix) An award of punitive damages would constitute an arbitrary and capricious taking of property of ThyssenKrupp without due process of law.

(d) Plaintiffs are not entitled to punitive damages from ThyssenKrupp pursuant to the facts as alleged in the Complaint.

(e) The claim of Plaintiffs for punitive damages against ThyssenKrupp is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

(f) Imposition of punitive damages in this case against ThyssenKrupp would contravene the commerce clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

(g) To award punitive damages against ThyssenKrupp in this case would have a chilling affect upon ThyssenKrupp's rights to open access to

the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

(h) Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Alabama Constitution.

(i) To award punitive damages against ThyssenKrupp in this case would violate the Contracts Clause of Article I, Section 10, of the United States Constitution, as an award of punitive damages would impair contractual obligations.

(j) Based upon Alabama procedures relative punitive damages, which provide no objective, logical, or reasonable standards or criteria to govern the award, in the amount of the award of punitive damages, ThyssenKrupp is denied equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §§ 1, 6, and 22, of the Alabama Constitution, separately and severally.

(k) Plaintiff's claim for punitive damages violates the rights of ThyssenKrupp to due process of law and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages as set forth in *Hammond v. City of Gadsden* and *Green Oil Company v. Hornsby* is unconstitutionally vague and inadequate in the following respects:

  (i) The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

  (ii) The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for ThyssenKrupp;

  (iii) The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

      (iv)    The *Hammond* and *Green Oil* procedure does not address, nor does it cure the lack of guidelines to be given to the jury in the assessment of punitive damages;

      (v)    The *Hammond* and *Green Oil* procedure is inadequate in that the trial court "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

      (vi)    The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on the jury's discretion in awarding punitive damages.

(l)    Plaintiff's Complaint seeks to make ThyssenKrupp liable for punitive damages. ThyssenKrupp adopts by references the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001), and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

(m)    The demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set forth in Section 6-11-21, Code of Alabama.

(n)    If multiple punitive damages awards were assessed against ThyssenKrupp in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and of the State of Alabama, violating ThyssenKrupp's rights to due process and to a jury trial and violating ThyssenKrupp's right against double jeopardy.

(o)    If punitive damages were assessed against ThyssenKrupp for conduct or events allegedly occurring in states other than in the forum state, ThyssenKrupp would be denied due process of law, the right to trial by jury, and the right against double jeopardy under the Constitutions of the United States and the State of Alabama.

(p) The imposition of punitive damages sought by Plaintiff violates ThyssenKrupp's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines under the Eighth Amendment to the United States Constitution in that:

(i) Alabama law and the Alabama punitive damages scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficient clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damages scheme leave the determination of whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the finder of fact without providing adequate or meaningful guidelines for, or limits to, the exercise of that discretion.

(ii) ThyssenKrupp had no notice or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject ThyssenKrupp to punitive damages or as to the potential amount of such an award.

(iii) Under Alabama and the Alabama punitive damages scheme, the jury is not instructed on the limits of punitive damages imposed by the purposes for which such damages are assessed.

(iv) Under Alabama law and the Alabama punitive damages scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of unduly discriminatory characteristics, including the corporate status of the defendant.

(v) No provision of Alabama law or the Alabama punitive damages scheme provides adequate procedural safeguards consistent

                with the criteria set forth in *State Farm Mutual Automobile Insurance v. Campbell, BMW of North America, Inc. v. Gore, Pacific Mutual Life Insurance Company v. Haslip*, and *Matthews v. Eldridge*, exist for the imposition of a punitive damages award.

        (vi)    Alabama law and the Alabama punitive damages scheme do not provide for adequate post-trial review of punitive damages awards or the amount thereof and do not provide objective standards for such review.

        (vii)    Under Alabama law and the Alabama punitive damages scheme, there is no limit to the number of times ThyssenKrupp could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

(q)    Another effect of Alabama's punitive damages scheme is to impose punitive damages in an arbitrary, capricious, and discriminatory manner. The lack of adequate guidelines or review inevitably leads to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the constitutional mandates for equal protection of the laws as provided under the Fourteenth Amendment to the United States Constitution are violated.

(r)    Insofar as the punitive damages awards sought by Plaintiffs seeks to impose punitive damages under Alabama law for conduct in other states, the award violates:

        (i)    ThyssenKrupp's rights to due process and due course of law under the Fourteenth Amendment to the United States Constitution and the guarantees of due process of law provided under the Alabama Constitution of 1901;

        (ii)    The dormant or negative commerce clause derived from Article I, Section 8, Clause 3 of the United States Constitution;

        (iii)    The full faith and credit clause of Article IV, Section 1 of the United States Constitution;

      (iv)    The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

The prohibition against excessive fines in the United States Constitution

### Sixteenth Defense

Plaintiffs have failed to state a claim upon which mental anguish damages may be awarded.

### Seventeenth Defense

To award Plaintiffs damages for mental anguish in the absence of any standards for the determination of mental anguish and/or the absence of any requirement for corroborating or objective evidence of mental anguish makes such an award tantamount to punitive damages. As such, this Defendant avers that such an award in this case would violate both the Alabama Constitution and the United States Constitution.

### Eighteenth Defense

A jury award of mental anguish damages in this case would violate the due process and equal protection rights guaranteed to this Defendant by the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article I, §§ 1, 6, and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damages award would violate these constitutional provisions because Alabama juries are given no rule, standard, or guideline upon which to rely in calculating mental anguish damages awards.

### Nineteenth Defense

Any claim that Plaintiffs may assert for mental anguish is barred absent a showing of actual physical injury or physical manifestation of mental anguish/emotional distress. Plaintiffs are not entitled to recover damages for mental anguish unless Plaintiffs produce evidence proving that mental anguish was so severe that an ordinary person would not be expected to endure it, i.e., the same standard applied for the tort of outrage claims.

### Twentieth Defense

This Defendant has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances of the Plaintiffs' allegations. This Defendant intends to act as best it to discover the pertinent facts and prevailing circumstances surrounding any reported injury or damage to the Plaintiffs as alleged in the Complaint and hereby give notice of its intent to assert any further affirmative defenses that their information-gathering process may indicate is supported by fact and law, including but not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, covenant, the doctrine of laches, the Plaintiffs' assumption of risk, and in otherwise failing to exercise due care. This Defendant thus reserves the right to amend this Answer to assert any such defenses.

_____
Charles A. Stewart III (STE067)
Angela R. Rogers (RAI017)
**Bradley Arant Rose & White LLP**
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

**Attorneys for the Thyssenkrupp Elevator Corporation**

# CERTIFICATE OF SERVICE

I certify that I have this date served the above and foregoing on:

James B. McNeil, Jr.
Hobbs & Hain, P.C.
P. O. Drawer 1190
Selma, AL 36702-1190

Mark Wyatt
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

George Vinson
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Steve Phillips
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Mike Evans
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Wendell Landis
6713 Providence Court
Montgomery, AL 36116

Deborah Downey
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Keith Shirley
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Victor Swift
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Scot Aler
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

Don Macon
c/o G.E. Plastics
1 Plastics Drive
Burkville, AL 36752

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this 1st day of June, 2007.

_____
OF COUNSEL