IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID A. BUXTON and ANNETTE BUXTON,<br><br>   Plaintiffs,<br><br>v.<br><br>MARK WYATT, GEORGE VINSON, STEVE PHILLIPS, MIKE EVANS, DEBORAH DOWNEY, WENDELL LANDIS, KEITH SHIRLEY, VICTOR SWIFT, SCOT ALER, DON MACON, ET AL.,<br><br>   Defendants. | CIVIL ACTION NO.<br>2:07-CV-484 |

## CO-EMPLOYEE DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO CO-EMPLOYEE DEFENDANTS' MOTION TO DISMISS

Because Plaintiffs David Buxton and Annette Buxton have again failed to state any claim whatsoever against Defendants Mark Wyatt, George Vinson, Steve Phillips, Mike Evans, Deborah Downey, Wendell Landis, Keith Shirley, Victor Swift, Scott Aler, and Don Macon (collectively "Co-employee Defendants"), Co-Employee Defendants move this honorable Court to dismiss Plaintiffs' claim against Co-Employee Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Standard of Review

Under Rule 12(b)(6), the court must dismiss a claim where it appears that the pleader can prove no set of facts that would entitle the pleader to relief. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). While this deferential standard is informed by the generally liberal approach of notice pleading, the pleader must still allege facts that satisfy each element required for recovery under some actionable legal theory. See Doyle v. Hasbro, Inc., 103 F.3d 186, 190

(1st Cir. 1996). Furthermore, this standard, which is not burdensome, requires the pleader to offer <u>real</u> facts, and no court is obligated under Rule 12(b)(6) to accept the pleader's bald assertions, attenuated inferences or legal conclusions "masquerading as facts" as supportive of her cause of action. See <u>United States ex rel. Willard v. Humana Health Plan of Texas Inc.</u>, 336 F.3d 375, 379 (5th Cir. 2003); <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1185 (11th Cir. 2003).

### Argument and Authority

Plaintiffs cannot show that Co-Employee Defendants had any knowledge or awareness of a need for maintenance or repair of the subject elevator before Mr. Buxton's accident. Plaintiffs cannot establish that any Defendant had any specific duty to maintain the elevator. Finally, Plaintiffs have failed to even allege that Co-Employee Defendants knew to a substantial certainty that injury or death was likely if the elevator was not repaired. Thus, under Ala. Code §25-11-1 et seq. and <u>King v. Cape</u>, 907 So.2d 1066 (Ala. Civ. App. 2005), Plaintiffs cannot state a claim for which relief can be granted, and their complaint is due to be dismissed under Rule 12(b)(6).

### Plaintiffs' Claim Fails Because The Applicable Rules of Law Preclude Plaintiffs' Complaint

In pleading a co-employee liability case, Plaintiffs, as they recognize in their Response, are bound by Ala. Code §25-5-11 et seq. and the attendant case law. The statute, in pertinent part, defines willful conduct as "[t]he willful and intentional removal from a machine of a safety guard or safety device provided by the manufacturer of the machine with knowledge that injury or death would likely or probably result from the removal." Ala. Code §25-5-11(c)(2).

To establish a prima facie case under § 25-5-11(c)(2), the plaintiff must show: (1) the safety guard or device must have been provided by the manufacturer of the machine; (2) the safety guard or device must have been removed from the machine; (3) the removal of the safety

2

guard or device must have occurred with knowledge that injury would probably or likely result from that removal; and (4) the removal of the safety guard or device must not have been part of a modification or an improvement that rendered the safety guard or device unnecessary or ineffective. See Harris v. Gill, 585 So.2d 831, 835 (Ala. 1991).

As further noted by Plaintiffs, the Alabama Supreme Court has fashioned from §25-5-11(c)(2) the proposition that "the failure to maintain and/or repair a safety guard or device provided by the manufacturer of a particular machine would be tantamount to the 'removal of' or the failure to install' a safety guard or device. To hold otherwise would allow supervisory employees to neglect the maintenance and repair of safety equipment provided to protect co-employees from injury, which by its very nature, is a clear violation of public policy." Moore v. Reeves, 589 So.2d 173, 178-79 (Ala. 1991)(quoted at ¶34 of Plaintiffs' Response).

According to Plaintiffs, this holding from Moore stands directly for the hopelessly pat assertion that any time a post-accident investigation reveals that a machine is in need of repairs, all supervisory employees who have a general responsibility for safety are automatically liable. Of course, such a view would wholly subvert the beneficent goals of Alabama's Worker's Compensation scheme in granting immunity to co-employees in all but the most particular situations and presents an untrue picture of Alabama law.

Despite this incorrect interpretation, Plaintiffs assert that Moore affirms their argument that Co-Employee Defendants willfully failed to maintain a safety device on the elevator. However, in parsing their argument, it is clear that Plaintiffs have manifestly misunderstood their burden with regard to whether, and more importantly, when, a co-employee's knowledge of a maintenance need destroys the statutory immunity.

3

In addition, Plaintiffs cannot point to a duty on the part of the Co-Employee Defendants and have further simply ignored their obligation to show that Co-Employee Defendants were substantially certain that injury or death would occur based on their acts or omissions. Because Plaintiff cannot offer facts to shore up their thin allegations, their claim is due to be dismissed.

### A. Plaintiffs' Claim Must Be Dismissed Because They Cannot Show Knowledge of A Need For Maintenance

In <u>King v. Cape</u>, 907 So.2d 1066 (Ala. Civ. App. 2005), the Alabama Court of Civil Appeals heard an appeal from a plaintiff who asserted a position similar to Plaintiffs.[1] The <u>King</u> plaintiff argued "that supervisory co-employees may be liable for their failure to maintain or repair a safety device merely by virtue of their positions of authority. That is, she argues that a co-employee's knowledge or awareness of the necessity of repairing or maintaining a safety device is immaterial to his or her liability in a co-employee suit under § 25-5-11(c)(2)." <u>Id.</u> at 1073. This argument did not carry the day.

In affirming summary judgment for the co-employees, the Court of Civil Appeals explained that a plaintiff asserting such a theory must show substantial evidence creating a genuine issue of material fact as to whether her co-employees "willfully and intentionally [failed to repair] the safety guard or device ... and did so with knowledge that injury would likely or probably result from [that failure]." <u>Id.</u> at 1073 (internal quotations omitted).

In discussing the knowledge requirement, the Court of Civil Appeals examined several of these cases and found that the only cases in which the plaintiff stated a valid claim were those where the plaintiff had shown that a co-employee had specific knowledge of a particular need for maintenance of a safety device.

---

[1] The Alabama Supreme Court transferred this case to the Court of Civil Appeals pursuant to Ala. Code § 12-2-7(6).

Clarifying this requirement, the Court of Civil Appeals explained the central holding of Moore - the failure to maintain a safety device can in some circumstances be equated with willful removal under the statute - does <u>not</u> mean "that supervisors are automatically liable when a safety device is not maintained or repaired properly." <u>Id.</u> In fact, as the Court of Civil Appeals noted, not only must a plaintiff offer evidence of this knowledge, the finding of co-employee liability "under § 25-5- 11(c)(2) has indeed rested on the knowledge or awareness of the co-employee of the necessity for maintenance or repair of the safety device in question." <u>Id.</u>

The Court of Civil Appeals explained further that "requiring that a co-employee have knowledge of a need for maintenance or repair of a safety device before being held liable under § 25-5-11(c)(2) is consistent with the legislature's express intent in enacting § 25-5-11(c). The legislature's use of the words 'willful and intentional' before the word 'removal' in § 25-5-11(c)(2) was purposeful." <u>Id.</u> at 1074. In other words, the statute requires that the co-employee must have specific knowledge of the need for maintenance <u>before</u> an accident and fail to provide that maintenance in order for a cause of action to exist under the "willful removal" section of §25-5-11.

The Court of Appeals hammered in this distinction of actual knowledge in its conclusion, holding that "[t]o allow co-employee liability to be premised on § 25-5-11(c)(2) when a co-employee had neither notice that the safety device was not working properly nor notice that the safety device required a specific type of maintenance to ensure that it would work properly more closely resembles a suit based on that co-employee's negligence rather than his or her willful and intentional conduct." <u>Id.</u> at 1074-75. In the Court of Civil Appeal's eyes, such a rule of law would unacceptably distort the legislature's vision in enacting Alabama's Worker's Compensation system.

5

In this case, Plaintiffs have not shown beyond an unfounded assertion this knowledge, and, as discussed <u>infra</u>, have objectively revealed the contrary - that Co-Employee Defendants did not have any knowledge or awareness of elevator problems until <u>after</u> Mr. Buxton's incident.

In Paragraph 20 of Mr. Buxton's Affidavit, Plaintiffs assert that Co-Employee Defendants knew about the elevator's alleged condition <u>before</u> June 13, 2005. Paragraph 20 states "The Co-Employee Defendants knew that the Finishing Plant elevator's safety devices – the safety gate/safety edge – were not functioning properly prior to my injury as a result of the malfunctioning safety devices on June 13, 2005. <u>See</u>, Exhibits 'I' and 'J'."[2]

Plaintiffs' reference to Exhibit I, the Investigation Report enquiring about the cause of Mr. Buxton's accident, and Exhibit J, the GE Concern Report generated after Mr. Buxton's accident, to support their contention that Co-Employee Defendants had knowledge of any malfunctioning elevator safety devices prior to Mr. Buxton's accident is baffling given that each document objectively proves the opposite of Plaintiffs' claim.

To begin, there is simply nothing on the face of the Investigation Report or the Concern Report that would allow even the most imaginative observer to infer that Co-Employee Defendants had any knowledge of any elevator problems prior to the accident. The documents were clearly generated <u>after</u> Mr. Buxton's accident and record information learned <u>after</u> the accident occurred in precise contradiction to Plaintiffs' assertions. <u>See</u> Affidavit of George Vinson, attached hereto as Exhibit 1.

It is well established that a party's unadorned assertions will not ballast a faltering complaint, and the court is under no compulsion to buoy these otherwise sinking allegations of fact. Because Plaintiffs cannot show any set of facts that Co-Employee Defendants had this

---

[2] In Paragraph 24 of their Response, Plaintiffs make a mirror assertion that refers to Paragraph 20 of Mr. Buxton's Affidavit.

6

requisite knowledge before Mr. Buxton's accident, their claim should fail for this reason alone.

### B. Plaintiffs Cannot Show Any Duty Of Co-Employee Defendants To Maintain the Elevator

King also explicitly stands for the further proposition that co-employees cannot be held liable based on their positions as supervisory employees. As noted above, there is no statute or common law rule in Alabama "that supervisors are automatically liable when a safety device is not maintained or repaired properly." Id. at 1073. Of course, the King plaintiff's reliance on the "supervisory" title clearly implied her desire to impermissibly whittle the supervisory employees' broad safety duties into the fine-pointed obligation to maintain a particular safety device.

As the Court of Civil Appeals pointed out, Alabama holds that co-employees may not be held liable by virtue of their position in the business hierarchy. This means that, absent evidence that a co-employee had knowledge of a need for a repair, a co-employee cannot be found to have willfully failed to maintain a safety device where it is only proven that she has some broad duty which requires her to preserve or create a generally safe work environment. By making indistinct references to Co-Employee Defendants' supervisory safety duties, imposed on them by virtue of their position in GE's business scheme, Plaintiffs have made this exact, unsustainable claim in their Complaint. Thus, it should be dismissed.

Specifically, in his affidavit, Mr. Buxton wastes over half his words peddling the plainly untenable inference that all ten Co-Employee Defendants each had a specific duty to maintain the elevator by attaching various GE job descriptions which mention - in the most general way - a safety requirement.

Not once in these pages and pages of job descriptions is the word "elevator" to be found. Even the most scrutinizing observer could not cobble together any duty toward the elevators

from these job descriptions. Clearly, Plaintiffs endeavor to obscure the objective lack of any elevator duty with the voodoo repetition of the incantation "safety responsibilities" will eventually conjure up a duty to maintain the elevators out of thin air and save Plaintiffs case. But, under <u>King</u>, a plaintiff cannot pull a specific duty rabbit out of a supervisory duty hat.

In addition to these vague references to safety responsibilities, Plaintiffs' Response relies heavily on the fact that certain GE employees were required to supervise the preventative maintenance program at the Burkville facility which includes the so-called Freight Elevator Monthly Inspection Worksheet, attached as Exhibit H to Mr. Buxton's Affidavit.

However, Plaintiffs reliance on this document to show that the Co-Employee Defendants failed to inspect the elevator is clearly misguided and completely misleading because this document did not exist until <u>after</u> Mr. Buxton's injury. Indeed, it was created in response to Mr. Buxton's accident. <u>See</u> Vinson Aff., Exhibit 1. Thus, the Elevator Worksheet cannot possibly show that Co-Employee Defendants "shirk[ed] their safety responsibilities" when such an inspection program did not exist before the accident.[3]

Based on Plaintiffs' submissions in their Response, there is no conceivable set of facts upon which they may state a claim under §25-5-11, and, pursuant to Rule 12(b)(6), their claim is due to be dismissed.

### C. **Plaintiffs' Claim Must Be Dismissed Because They Have Failed To Allege Substantial Certainty of Injury**

Plaintiffs have utterly failed to mention, much less allege with any support, the third prima facie requirement that Co-Employee Defendants failed to maintain the elevator with the knowledge that serious injury or death was substantially certain to occur as a result of that

---

[3] Rather than the Co-Employee Defendants having responsibility to inspect and maintain the elevator, GE had an arrangement with ThyssenKrupp Elevator Corporation to perform that function. <u>See</u> Vinson Aff., Exhibit 1.

failure. See Harris v. Gill, 585 So.2d 831, 835 (Ala. 1991); Cooper v. Nicoletta, 797 So.2d 1072, 1077 (Ala. 2001). This failure alone should preclude their case.

In Reed v. Brunson, 527 So.2d 102 (Ala. 1988), the Alabama Supreme Court stated that "we believe the legislature sought to [e]nsure that these kinds of cases would not be submitted to the jury without at least some evidence tending to show… that a reasonable man in the position of the defendant would have known that a particular result (i.e., injury or death) was substantially certain to follow from his actions." 527 So.2d at 120. Subsequent cases have shown that the "substantial-certainty standard is an exacting one." Ex parte Newton, 895 So.2d 851, 855 (Ala. 2004).

For example, in Ex parte Newton, the Alabama Supreme Court affirmed summary judgment for the defense because a plaintiff failed to show the defendants' substantial certainty of injury where he merely offered evidence that a previous employee had suffered the same injury while operating the same machine. Id. In this case, Plaintiffs have not held out even this much.

Because Plaintiffs have failed to even allege that Co-Employee Defendants were substantially certain that Mr. Buxton would be injured by the elevator, Plaintiffs' claim is due to be dismissed.

### III. Conclusion

In conclusion, Plaintiffs cannot carry their prima facie burden to make a case against Co-Employee Defendants under §25-5-11 et seq. and King v. Cape. That is, they cannot show that Co-Employee Defendants had any knowledge or awareness of any need for any elevator maintenance; they cannot show that Co-Employee Defendants had any duty to repair, maintain or inspect the elevator; and they cannot show that the Co-Employee Defendants knew to a

substantial certainty that someone would be injured by the elevator if it were not repaired. These failings are fatal to Plaintiffs' claim, and, based on this absolute lack of supporting facts, Plaintiffs' claim is due to be dismissed.

/s/ Jere F. White, Jr.
One of the Attorneys for Defendants
Mark Wyatt, George Vinson, Steve Phillips, Mike Evans, Deborah Downey, Wendell Landis, Keith Shirley, Victor Swift, Scott Aler, and Don Macon

OF COUNSEL:
Jere F. White, Jr. (WHI007)
Lee M. Hollis (HOL075)
Hyde Carby (CAR175)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of July, 2007, I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>James B. McNeill, Jr.
>HOBBS & HAIN, P.C.
>707 Selma Avenue
>Post Office Drawer 1190
>Selma, Alabama  36702
>
>Charles A. Stewart III (STE067)
>Angela R. Rogers (RAI017)
>Bradley Arant Rose & White LLP
>The Alabama Center for Commerce
>401 Adams Avenue, Suite 780
>Montgomery, AL 36104

>/s/ Jere F. White, Jr.
>Of Counsel

## Affidavit of George Vinson

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LOWNDES | ) |

Personally appeared before me, the undersigned authority in and for said state and county, George Vinson, who being by me first duly sworn, states under oath the matters, facts, and things set forth herein are true and correct:

1. My name is George Vinson. I am over 21 years of age, and I am competent to make this statement based on my own personal knowledge.

2. I am a Finishing Operation Specialist at the GE Plastics facility in Burkville, Alabama (hereinafter "the facility").

3. Prior to David Buxton's injury allegedly caused by a freight elevator on June 13, 2005, at the facility, no GE employee performed any inspections or maintenance on any elevator at the facility, nor did any GE employee have a duty to do so. Rather, GE had an arrangement with ThyssenKrupp Elevator Corporation to perform preventive maintenance on the elevators at the facility.

4. The "Freight Elevator Monthly Inspection Worksheet" that is attached to David Buxton's June 28, 2007, affidavit did not exist prior to David Buxton's June 13, 2005 injury. The worksheet was created after Mr. Buxton's accident in an effort to prevent future accidents.

*[Signature: George W. Vinson]*

George Vinson

EXHIBIT i

SWORN TO AND SUBSCRIBED BEFORE ME, this the \_\_\_6th\_\_\_ day of \_\_\_July\_\_\_, 2007.

_____
Notary Public

MY COMMISSION EXPIRES:

\_\_\_11/20/08_____