IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID A. BUXTON, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) CIV. ACT. NO. 2:07cv484-ID |
| v. | ) |
| | ) |
| MARK WYATT, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Before the court is a motion to remand, filed by Plaintiffs David A. Buxton and Annette Buxton (collectively "Buxtons"). (Doc. No. 13.) Also before the court is the Buxtons' motion for attorney's fees and costs. (Id.) Thyssenkrupp Elevator Corp. ("Thyssenkrupp") filed a response in opposition to the motion to remand. (Doc. No. 16.) For the reasons to follow, the motion to remand is due to be granted, but the motion for attorney's fees and costs is due to be denied.

This lawsuit arises out of David A. Buxton's ("Mr. Buxton") on-the-job injuries caused when the "safety gate/safety edge" malfunctioned on a freight elevator in General Electric Corp.'s facility in Burkville, Alabama. Mr. Buxton, joined by his wife who asserts loss of consortium, brought this state-law action in the Circuit Court of Lowndes County, Alabama, against Thyssenkrupp Elevator Corp. ("Thyssenkrupp"), a citizen of Delaware and Florida, and ten of his supervisory co-employees, who are alleged to be citizens of Alabama. Mr. Buxton's claims against the supervisory co-employee defendants are brought pursuant to § 25-5-11(c)(2) of the Code of Alabama.

Thyssenkrupp removed this case to the United States District Court for the Middle District of Alabama, alleging fraudulent joinder of the ten supervisory co-employee defendants, on its allegation that diversity jurisdiction exists in federal court. See 28 U.S.C. §§ 1332, 1441.

The court has examined the pleadings at the time of removal, as well as the supplemental evidence submitted by the parties, see Legg v. Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005), in accordance with the relevant standard of review.[1] Having done so, the court finds that Thyssenkrupp has not met its "heavy" burden of proving that the joinder of each supervisory co-employee defendant is fraudulent. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). After careful consideration, the court concludes that the Buxtons have submitted sufficient circumstantial evidence which raises a possibility that a state court would find that Mr. Buxton could establish the essential elements of his cause of action against at least one of the supervisory co-employee defendants. See Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302 (11th Cir. 2001) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (internal quotations omitted);

---

[1] Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of S. Alabama v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994)). Accordingly, the federal removal statutes must be "construed narrowly," and, generally speaking, all doubts about removal must be resolved in favor of remand. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003).

2

Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.") (emphasis in original); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989) (Joinder is fraudulent if there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant.") (emphasis added). In particular, the court finds, among other things, that, notwithstanding the co-employee defendants' attestations to the contrary, the record contains other sufficient circumstantial evidence (including evidence from which it could be argued that there was a preexisting external and *visible* defect to the safety gate) which raises a possibility that at least one of the supervisory co-employee defendants had knowledge of the need for repair or maintenance. Although admittedly the propriety of removal presents a close call in this case, the court must resolve all doubts about removal in favor of remand.[2] Allen, 327 F.3d at 1293.

---

[2] The court notes that the principal authority relied upon by Thyssenkrupp was resolved on a summary judgment motion, not on a motion to remand. "While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment," Crowe, 113 F.3d at 1538 (internal quotations omitted), "the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. Id. at 1541. "For a remand, the plaintiff's burden is much lighter than that . . . [,]" and district courts "must exercise extraordinary care to avoid jumbling up" these different standards of review. Id. at 1542.

The court expresses no opinion on the ultimate outcome of the merits or on whether Mr. Buxton could survive summary judgment on his state-law claims against the supervisory co-employee defendants. Those determinations are for the state court.

3

Relying on 28 U.S.C. § 1447(c), the Buxtons also move for an award of attorney's fees and costs incurred as a result of Thyssenkrupp's removal. Although remand is warranted, the court does not find that Thyssenkrupp's removal of this action was "'improvident.'" Legg, 428 F.3d at 1322 (quoting Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990)); cf. Moates v. Cargill, Inc., Civ. A. No. 01-D-232-N, 2001 WL 910410, at *2 (M.D. Ala. 2001) (DeMent, J.) (an award of costs and fees in fraudulent joinder cases generally is warranted only if the removing party's actions "were unreasonable or federal jurisdiction was patently lacking at the time of removal"). The motion for attorney's fees and costs, therefore, is due to be denied.

Accordingly, it is CONSIDERED and ORDERED that the Buxtons' motion to remand be and the same is hereby GRANTED and that this action is hereby REMANDED to the Circuit Court of Lowndes County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

It is further CONSIDERED and ORDERED that the Buxtons' motion for attorney's fees and costs be and the same is hereby DENIED.

DONE this 9th day of November, 2007.

/s/ Ira DeMent  
SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

  (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

  (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

  (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

  (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

  (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).